## THE GOLD BLUFF MINING AND LUMBER CORPORATION ET AL. *vs.* STURGES WHITLOCK ET AL.

Third Judicial District, Bridgeport, April Term, 1903.

TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The rules and principles regulating the government of a public corporation, the election of its officers, and the management of its affairs, have but little application to a private business corporation organized for the pecuniary profit of its members. The stockholders of the latter are practically the corporation itself. Between them there is an implied agreement that the majority of the stock shall direct the policy of the corporation in attaining its chartered purposes, and shall have the power to appoint its managing agents to whom the immediate control and direction of the company's business is delegated.

The stockholders of a joint stock company, organized under the Corporation Act of 1901, have the power, at a special meeting duly called for that purpose, to amend the by-laws so as to increase the number of directors and alter the date fixed for the annual meeting; and, having adopted such amendments, the stockholders may proceed at the same meeting to the election of the additional directors for a term of one year.

Whether, by fixing an earlier date for the annual meeting, the term of existing directors can be shortened, *quære*.

It is questionable whether the statute which requires directors to be chosen annually and for a term of one year (General Statutes, Rev. 1902, § 3366), applies to such additional directors as may be authorized by an amended by-law adopted at a special meeting.

Section 3366 provides that the directors may fill any "vacancy" in their board, "for the unexpired portion of the term." *Held* that this provision was inapplicable to newly-created directorships, and therefore the stockholders, and not the existing directors, were the ones to choose the new members of the enlarged board.

Argued April 21st—decided June 10th, 1903.

SUIT to restrain the defendant stockholders of the plaintiff corporation from electing additional directors prior to the annual meeting, and from changing the by-laws for that purpose, brought to the Court of Common Pleas in Fairfield County and reserved by that court, *Curtis, J.*, upon a demurrer to the complaint, for the advice of this court. *Judgment advised for defendants.*

*Prentice W. Chase*, for the defendants.

*Edward A. Harriman*, for the plaintiffs.

HALL, J. The complaint alleges, in substance, that the plaintiff company was organized in 1902, under the Corporation Act of 1901, with a capital stock divided into 1,200 shares of $100 each, of which the plaintiffs Walter Randall and Alton T. Terrell are each the owners of 280 shares, the defendant Sturges Whitlock of 578 shares in his own right and 60 shares as trustee, and the defendants Prentice W. Chase and Charles H. Brewer each of one share; that the board of directors, consisting, under the present by-laws, of three members, is composed of the plaintiffs Randall and Terrell, and the defendant Whitlock, all elected at the first stockholders' meeting in November, 1902, at which meeting said Whitlock was elected president, said Terrell secretary, and said Randall treasurer, of the company; that the annual meeting for the election of directors is, by the by-laws, required to be held in the month of November of each year; that the defendant Whitlock, as president, has issued a call for a special meeting of the stockholders of the corporation to be held in April, 1903, the purpose of which, as stated in the written notice, is to amend the by-laws by changing the number of directors from three to five, to elect two additional directors, and to change and amend the by-laws to conform to the necessities and requirements for the proper management of the affairs of the company; that the defendants intend at such meeting to elect two directors, who will unlawfully attempt to act as members of the board of directors,

and, in combination with the defendant Whitlock, will claim to be a majority of the board of directors, and will endeavor to bind the corporation by their acts, in disregard of the wishes of the present lawful board of directors, and that the defendants intend at said meeting to change the by-laws of the corporation, without having given the required notice of the intended change; that the plaintiff corporation is the owner of a large mining property in the State of California which requires skillful care and management, and that said action of the defendants would cause such a conflict of authority as would work an irreparable injury to the plaintiffs.

The plaintiffs ask for an injunction restraining the defendants from voting to elect any persons directors of the corporation before the next annual meeting, and from making, at said special meeting, any other change in the by-laws than by providing that the number of directors to be chosen at the next annual meeting be increased from three to five, and from making any other change in the by-laws without having given legal notice thereof to the stockholders.

The defendants demur to the prayer for relief, substantially upon the grounds that it appears from the complaint that the special meeting was legally called, and does not appear that the proposed action of the defendants, in changing the by-laws of the corporation and electing two additional directors, is unlawful.

The right of the defendants to amend the by-laws at the special meeting, so as to provide for the election of additional directors at the next annual meeting, is not questioned; but it is argued that an immediate election of the additional directors, at the special meeting, would be in direct conflict with the provisions of the Corporation Act under which the plaintiff association was organized.

The section referred to—General Statutes, Rev. 1902, § 3366—provides that "the property and affairs of every such corporation shall be managed by three or more directors, who shall be stockholders, and shall be chosen annually by the stockholders, at such time and place as may be provided by the by-laws. The directors shall hold office for one year and

until others are chosen and qualified in their stead, and may fill any vacancy in their board for the unexpired portion of the term. . . ." Section 3377 provides that at any stockholders' meeting "by-laws may be adopted, or the by-laws previously adopted may be altered or repealed. No by-laws shall be adopted, and no existing by-law shall be amended or repealed, unless written notice of such proposed action shall have been given in the call for the meeting at which such adoption, amendment, or repeal is to be acted upon."

The plaintiff company is a private business corporation voluntarily formed under an Act of legislature for the pecuniary profit of its stockholders, the contract of membership in which is in many respects similar to that existing between the members of commercial partnerships ; *Pratt* v. *Pratt, Read & Co.*, 33 Conn. 446–456 ; and to the management of the affairs of which, and to the appointment of its directors and agents, the rules and principles regulating the government and election of officers, of public corporations—between whose corporators no such contractural relation exists—have little application. *State* v. *Tudor*, 5 Day, 329, 335.

The directors are the agents of such a private corporation, chosen by the shareholders to carry out the chartered purposes of the corporation. Practically, the stockholders are the corporation, and there is between them an implied agreement that the majority shall have "supreme authority to direct the policy of the corporation in attaining its chartered purposes, and shall have the power to appoint the usual managing agents, to whom the immediate control and direction of the company's business is delegated." 1 Morawetz on Corp., §§ 34, 474, 515, 516. But such power of the majority does not enable them to directly overrule or control the action of a majority of the board of directors acting within the discretionary powers intrusted to them as agents of the corporation. It can only be exercised by the legitimate methods pointed out by the by-laws or charter of the association, or the statute law under which it is organized. Such control over the policy of the company and the management of its property is generally properly and lawfully exercised by a majority of

the stockholders, through the power given them by charter or statute to enact by-laws, and to determine, by removal and appointment, the persons, and the number of persons—usually within certain limits—who shall act as the directors and agents of the corporation.   3 Thomp. on Corp., § 3972.

Under the present by-laws the annual meeting for the election of directors is to be held in November, and the board of directors consists of three members.   But under the statute the stockholders may by by-laws fix the time when directors shall be annually chosen, may alter or repeal by-laws previously adopted, and may appoint more than three directors.   By a proper use of their power to fix the time for the election of directors, the stockholders, by altering the by-laws, may undoubtedly change the date of the annual meeting, and such a change would necessarily require the next election of directors to be held either within, or after, a year from the last previous election.

It may well be doubted whether, under our statute, by changing the date of the annual meeting to a date considerably within a year from that now fixed, the defendants could shorten the terms of any of the present directors by appointing, on said changed date, other persons to fill their places. But that question is not before us, since the statement, both in the call for the meeting and in the complaint, is only that the two additional directors, and not successors to the present directors, are to be appointed at the meeting called.

It would be competent for a majority of the stockholders, at a special meeting, to amend the by-laws so as to increase the number of directors from three to five, and upon the adoption of such an amendment they would be entitled to have the additional directors immediately appointed.   If the exigencies of the company's business, or the inability or unwillingness of its directors to properly care for the property or interests of the shareholders, requires an immediate increase of the number of directors, there seems to be no good reason why the stockholders should be compelled to submit to the control of their three present agents until the expira-

tion of the terms for which they were appointed, nor does the statute require them to do so. *In re Griffing Iron Co.*, 63 N. J. L. 168.

If the by-laws should be amended so as to increase the number of directors from three to five, and to change the date of the annual meeting to a date earlier than November 26th, and thereupon the two additional directors should be immediately appointed for one year, the present directors, as well as those newly appointed, would hold office, as the statute provides, for one year and until others are chosen and qualified in their stead; and such action would not conflict with the real purpose of the requirement of the statute that directors shall be chosen annually.

But it seems doubtful whether the provisions of the statute requiring directors to be chosen annually, and for the term of one year, were intended to apply to those who might be appointed upon an increase of the number of directors by an amendment of the by-laws at a special meeting, and whether, without changing the date of the annual meeting, such additional directors might not be immediately appointed to hold office until the time of the next annual meeting. *In re Griffing Iron Co.*, 63 N. J. L. 168. We do not deem it necessary to decide that question, as we understand the defendants propose to change the date of the annual meeting, and to elect the new directors for the term of one year.

Upon an increase of the number of directors it would become the right and duty of the stockholders to choose the additional directors. The words of the statute empowering the directors to "fill any vacancy in the board *for the unexpired portion of the term*," are inapplicable to newly-created directorships, and would not authorize the present directors to appoint the new members of the enlarged board. While the word "vacancy" may sometimes fitly describe the condition of an office which has never been filled, yet, when read with the other words of the sentence, we think such meaning cannot properly be given to that word as here used. The words, "for the unexpired portion of the term," clearly indicate that the directors may appoint, not for a full term, but

for the remainder of a term which has been partly filled by another. *In re Griffing Iron Co.*, 63 N. J. L. 168.

The failure to state more particularly in the call for the special meeting, that it was the purpose to amend the by-laws by changing the date of the annual meeting, would not be a sufficient reason for granting the injunction prayed for, since an insufficiency of the notice would not prevent the making of the proposed change, all the stockholders being present and voting (*Handley* v. *Stutz*, 139 U. S. 417), and since a proper notice of another meeting may now be given.

The Court of Common Pleas is advised to sustain the demurrer and render judgment for the defendants.

In this opinion the other judges concurred.