RENN ET AL. v. UNITED STATES CEMENT COMPANY.

[No. 4,966. Filed February 15, 1905. Rehearing denied June 6, 1905. Transfer denied June 30, 1905.]

1. PLEADING.—Complaint. — Corporations.—Officers.—Bonds.—A complaint upon the bond of the former treasurer of a corporation, which sets out a copy of such bond and shows that plaintiff has been duly elected treasurer and has made a proper demand for the money held and owing by such former treasurer, states a cause of action. p. 150.

2. CORPORATIONS.—By-Laws.—Necessity.—A corporation can act only in accordance with its by-laws. p. 152.

3. SAME.—By-Laws.—Directors.—Number.—Statutes.—A manufacturing corporation has the power to amend its by-laws at any time fixing the number of directors at not less than three nor more than eleven as prescribed by statute (§5054 Burns 1901, §3854 R. S. 1881). p. 153.

4. SAME.—By-Laws.—Vested Rights.—Cumulative Voting.—Neither a statute permitting cumulative voting, thus giving the minority stockholders representation on the board of directors, nor the amendment of the by-laws of a corporation infringes any vested rights of the corporation's stockholders. p. 153.

5. STATUTES.—Corporations.—Articles of Incorporation.—Directors.—By-Laws.—Section 5051 Burns 1901, §3851 R. S. 1881, in part, should be construed as though it read: "The number and names of those who shall manage the affairs of the company during the first year," thus placing no restrictions upon the right of stockholders to fix by by-law for an increase or decrease of such number. p. 154.

6. CORPORATIONS.—*Articles of Incorporation.—Statutes.—Provisions in Addition to.*—A provision in the articles of incorporation of a manufacturing company fixing the number of directors at seven is in addition to the requirements of the statute (§5051 Burns 1901, §3851 R. S. 1881) and is surplusage. p. 155.

7. APPEAL AND ERROR.—*Assignments of Error.—Request for Decision on Certain Question.—Waiver.*—Where appellant requests a decision on a specific assignment of error, stating that a "real controversy" exists as to questions thereby presented, assignments which would prevent the consideration asked may be treated as waived. p. 155.

From Jefferson Circuit Court; *P. E. Bear,* Judge.

Action by United States Cement Company against Bernard H. Renn and others. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Charles L. Jewett* and *Henry E. Jewett,* for appellants.
*Ward H. Watson* and *William A. Ketcham,* for appellee.

ROBY, J.—Suit by appellee against appellant Renn as principal and his co-appellants as sureties upon a bond given by him as treasurer of said corporation. The cause was tried by the court, special finding of facts made, and conclusions of law stated thereon, in accordance with which judgment was rendered against appellants for $3,874.69.

The first assignment argued is that the court erred in overruling the demurrer to the complaint. This pleading was in one paragraph. The bond sued upon 1. was made an exhibit. Its sole condition was that said Renn should "honestly and faithfully perform the duties of his trust as such treasurer according to law and the by-laws of said company." The breach alleged was that he refused to pay over the money in his hands to his successor, who presented to him an order therefor executed by the president and secretary of the corporation. The averments relative to the duty of said appellant to pay over said money to his successor, and to honor the order aforesaid, are not very definite, but, treating them as sufficient, the complaint stated a cause of action. *Portage County Mut. Ins. Co.* v. *Wetmore* (1848), 17 Ohio 330.

Demurrers to the second and third paragraphs of answer were sustained, and the cause was tried upon the issue formed by a general denial. The conclusions of law from one to six, inclusive, are to the effect that the appellant Renn has not been treasurer of the appellee corporation since the 9th day of January, 1902, and that John E. Stoner is the duly elected successor, and, as such, is entitled to the moneys belonging to said corporation since said date.

The facts found are that the United States Cement Company, appellee, is a corporation organized under an act entitled "An act for the incorporation of manufacturing and mining companies," etc. §5051 Burns 1901, §3851 R. S. 1881. Its articles of incorporation were duly signed and acknowledged, and filed and recorded in the office of the Secretary of State and in the office of the recorder of Clark county on September 22, 1891. The fifth article thereof was as follows: "That the directors of said corporation shall be seven in number, and that the following named persons shall constitute the directors for the first year, viz. [naming them]." After said articles were thus recorded the stockholders of the company met and adopted by-laws, section one thereof being in part as follows: "The stockholders shall meet annually on the first Tuesday after the first Monday in January of each year, for the election of a board of directors of seven members, and for the transaction of such other business as shall properly come before such meeting." Section fourteen was as follows: "These by-laws may be altered, amended or repealed at any annual meeting of the stockholders, or at any stockholders' meeting called for the purpose." Appellant Renn was duly elected treasurer, and qualified on the 17th day of January, 1901, receiving and paying out all the moneys of the corporation until January 7, 1902, since which time he has not performed any of the duties of said office. At the regular annual meeting of the stockholders, January 7, 1902, section

one of the by-laws was, by a majority vote of said stockholders, amended to read in part as follows: "The stockholders shall meet annually on the first Tuesday after the first Monday in January of each year, for the election of a board of directors of three members, and for the transaction of such other business as shall properly come before such meeting." After the amendment of said by-laws as aforesaid, an election was held, and three directors elected, who thereafter qualified, and elected John E. Stoner treasurer of said corporation.

Appellants' first contention is that the number of directors of said corporation was fixed by the articles of association which "are as immutable as a charter granted

2.    by special legislative acts;" that the act of the legislature under which appellee corporation was organized makes no provision for altering the articles of association, and that no resolution of the stockholders can enlarge the powers granted by the legislature. The statute (§5054 Burns 1901, §3854 R. S. 1881) provides: "The business of such company shall be managed by not less than three nor more than eleven directors, who shall be stockholders therein and residents of the United States; and a majority of the directors chosen shall be a quorum." The directors thus chosen elect the president, secretary and treasurer. §5055 Burns 1901, §3855 R. S. 1881. The stockholders are authorized by statute "to make necessary by-laws." §3425 Burns 1901, §3002 R. S. 1881. The by-laws of a corporation are "rules and ordinances made by a corporation for its own government." Bouvier's Law Dict., title, by-laws. They are the rules of its life. Its affairs are conducted in accordance with their provisions. The corporation is existent when its charter is issued, but it may not be able to act for the purpose of its corporation until those interested have agreed how it shall act, and who shall direct it. The necessity for the instant enactment of a by-law fixing the number of directors is obviated by a pro-

vision of the statute hereafter referred to. The agreement of the members as to the method which shall be followed in the transaction of business is expressed by the by-laws of the corporation, in the absence of a direction contained in the charter itself, which includes, as one of its terms, the law of the land.

Section 5054, *supra,* fixes the maximum and minimum number of directors that may be chosen by a corporation of this class at not less than three nor more than eleven. In the absence of any other statutory provision, it would undoubtedly not only be competent but essential that the number of directors should be determined and declared. It being competent for the stockholders to enact a by-law in the first instance fixing the number of directors, it was also competent to amend the by-laws relative thereto in accordance with the rules for such amendment agreed upon and prescribed. The amendment reducing the number of directors of the appellee corporation from seven to three was made at the annual meeting by a majority of the stockholders, and was valid. *Goldbluff, etc., Corp.* v. *Whitlock* (1903), 75 Conn. 669, 55 Atl. 175; *North Milwaukee, etc., Co.* v. *Bishop* (1899), 103 Wis. 492, 79 N. W. 785, 45 L. R. A. 174; *Bagley* v. *Reno Oil Co.* (1902), 201 Pa. St. 78, 50 Atl. 760, 56 L. R. A. 184; *In re Griffing Iron Co.* (1899), 63 N. J. L. 357, 41 Atl. 931; 2 Cook, Corporations (5th ed.), p. 1381.

It has been held that the legislature may provide for cumulative voting, thereby securing a representation of the minority upon the board of directors of a private corporation without interfering with any vested right of the majority to elect the members of such board. *Maynard* v. *Looker* (1897), 111 Mich. 498, 69 N. W. 929, 56 L. R. A. 947. See, also, *Mower* v. *Staples* (1884), 32 Minn. 284, 20 N. W. 225. The minority stockholders have no right, vested or otherwise, which is infringed by the action of the majority in amend-

ing the corporate by-laws; the method followed being reg-
ular and in accordance with the provision therefor.

This conclusion seems to be unquestioned, except as it
may be affected by the provisions of the following sec-
tion of the statute: "Whenever three or more
5. persons may desire to form a company to carry
on any kind of manufacturing, mining, mechan-
ical or chemical business, * * * they shall make,
sign and acknowledge, before some officer capable to
take acknowledgment of deeds, a certificate in writ-
ing, which shall state the corporate name adopted by
the company, the object of its formation, the amount of
capital stock, the term of its existence (not, however to
exceed fifty years), the number of directors and their names
who shall manage the affairs of such company for the first
year, and the name of the town and county in which its
operations are to be carried on, and file," etc.   §5051
Burns 1901, §3851 R. S. 1881.  If this section is to be
read as though in part written "the number of directors,
the names of directors for the first year," it would then
be necessary to consider whether the stockholders had
power subsequently to change the number of directors thus
fixed.  If the clause in question is to be read as though
it were written "the number and names of those who shall
manage the affairs of the company during the first year,"
then no further inquiry is necessary, since nothing con-
tained in the certificate will affect the power of the stock-
holders to make such relevant by-laws as may be neces-
sary for the government of the corporation after the first
year.  This section, as originally printed, was punctuated
as follows: "The number of directors, and their names,
who shall manage," etc.  1 R. S. 1852, p. 358, §1.  In the
subsequent revisions it was punctuated as appears in the
copy hereinbefore set out.  §5051 Burns 1894, §5051
Burns 1901, §3851 R. S. 1881.  As originally printed,
the clause "and their names" is set off by commas, and

made a parenthetical part of the item of the enumeration of particulars which fixes the number of directors for the first year. The punctuation adopted in revision does not change the sense any. The meaning conveyed to the ordinary reader, without reference to technical rules, is that the names and number for the first year is meant; and we therefore hold that the provisions of the section do not limit the right of the stockholders to fix by by-law the number of directors who shall act for the corporation after the first year.

Provisions contained in the articles which are inconsistent with or in addition to those prescribed by the statute are surplusage. *State, ex rel.,* v. *Anderson* (1903), 31 Ind. App. 34. The statement in the fifth article above set out that the directors shall be seven in number, is not required by the statute, and its presence does not affect the power to enact by-laws fixing the number of directors.

Other propositions are stated in the points for reversal, but the appellant earnestly requests this court to determine the question above considered, stating that a real controversy exists as to the validity of the election of the present board of directors, and that another action is pending, involving the right of the treasurer selected by them to act as such. Were the judgment to be reversed upon the point first made it would be unnecessary to consider the one upon which the decision is thus particularly requested. They are therefore treated as waived, in order that the opinion requested may not become an empty dictum.

Judgment affirmed.