AUTOMATIC STEEL PRODUCTS, INC., a corporation of the State of Delaware, WENDELL HERBRUCK, WALTER J. LORIA and EUGENE A. TRACEY, as purported directors of AUTOMATIC STEEL PRODUCTS, INC.,

Defendants Below, Appellants,

*vs.*

FRANK B. JOHNSTON and HARRY F. TATE,

Plaintiffs Below, Appellees.

*Supreme Court, on Appeal, February 24, 1949.*

RICHARDS, C. J., and TERRY, PEARSON, CAREY and LAY-
TON, JJ., sitting.

*Arthur G. Logan,* for appellants.

*Southerland, Berl & Potter,* for appellees.

LAYTON, Judge, delivering the opinion of the court:

The Vice Chancellor was of the opinion that the power to elect directors rested exclusively in the stockholders, with the single exception* of the filling of "vacancies" as referred to in *Section* 30 of the *General Corporation Law, Rev.Code* 1935, § 2062, which reads as follows:

"Sec. 30. Election of Directors; Filling of Vacancies:—All elections of directors shall be by ballot, unless otherwise provided in the Certificate of Incorporation. The first meeting for the election of directors at which meeting any business may be transacted shall be held at any place either within or without this State fixed by a majority of the incorporators in a writing signed by them, and thereafter the said directors shall be elected at the time and place within or without this State named in the by-laws, and which shall not be changed within sixty days next before the day on which the election is to be held. A notice of any change shall be given to each stockholder twenty days before the election is held, in person or by letter mailed to his last known postoffice address.

"Vacancies shall be filled by a majority of the remaining directors, though less than a quorum, unless it is otherwise provided in the Certificate of Incorporation or the by-laws and the directors so chosen shall hold office until the next annual election and until their successors shall be duly elected and qualified, unless sooner displaced; provided, however, that, if the remaining directors shall constitute less than a majority of the whole Board, upon application of any stockholder or stockholders holding at least ten per cent (10%) of the total number of shares of the capital stock of the corporation at the time outstanding having the right to vote for directors, the Chancellor may in his discretion, summarily order an election to be held to fill any such vacancy or vacancies or to replace the director or directors chosen by the remaining directors as aforesaid, which election shall be governed by the provisions of Section 31 of this Chapter in so far as such provisions are applicable. The person or persons elected pursuant to said order shall serve as a director or as directors until the next annual meeting of stockholders and until their successors shall have been

---

* It is recognized that incorporators elect the initial board of directors of a corporation. We are not here concerned with this feature of the law.

duly elected and qualified, and shall displace any person or persons who may theretofore have been appointed by the remaining directors as aforesaid."

In arriving at his decision the learned Vice Chancellor relied primarily upon three opinions of Chancellor Wolcott, viz., *Moon v. Moon Motor Car Co.*, 17 *Del.Ch.* 176, 151 *A.* 298; *McWhirter v. Washington Royalties Co.*, 17 *Del. Ch.* 243, 152 *A.* 220; *Gow v. Consolidated Coppermines Corporation*, 19 *Del.Ch.* 172, 165 *A.* 136.

In the *Moon Motor Car Company* case, 17 *Del.Ch.* 185, 151 *A.* at page 302, Chancellor Wolcott took occasion to say:

"It is conceded that newly created offices of directors present no question of 'vacancies' and hence are not to be filled under the vacancy provisions of the section. The places are therefore to be filled by election by the stockholders."

Elsewhere (17 *Del.Ch.* 186, 151 *A.* 302) Chancellor Wolcott said:

"With respect to such places power to fill them resides inherently in the stockholders and it may be exercised forthwith."

The *McWhirter* and *Gow* decisions are to the same effect.

This conclusion is in accord with the general law, *Gold Bluff Mining and Lumber Corporation v. Whitlock*, 75 *Conn.* 669, 55 *A.* 175; *In re A. A. Griffing Iron Co.*, 63 *N.J.L.* 168, 41 *A.* 931; and the text authorities support this view, 19 *Corpus Juris Secundum, Corporations*, § 716, *page* 33; 2 *Fletcher Cyclopedia of Corporations, Section* 286, *pages* 42 and 43.

The cases cited by counsel for Automatic are generally distinguishable, involving as they do, elections to public offices and the interpretation of constitutional and statutory provisions regulating public elections. Automatic's counsel argues that the provisions of certain sections of our General Corporation Law are sufficiently comprehensive to warrant

conclusions contrary to those arrived at by Chancellor Wolcott and Vice Chancellor Seitz. He points to *Sections* 5(8), 9, 13 and 59 of the *Corporation Law, Rev.Code* 1935, §§ 2037, *subd.* 8, 2041, 2045, 2091, as being of such broad implication as to justify the inference that stockholders have the inherent power to delegate to directors the authority to fill vacancies caused by an increase in the number of the board. Concededly, *Section 5, paragraph 8,* and *Section* 9 of the *General Corporation Law,* among others, purport to confer very wide powers upon the directors in and about the conduct of intra-corporate matters. For example, *Section 5, Paragraph 8,* provides:

"The Certificate of Incorporation may also contain any provision which the incorporators may choose to insert for the management of the business and for the conduct of the affairs of the corporation, and any provisions creating, defining, limiting and regulating the powers of the corporation, the directors and the stockholders, or any class of the stockholders, or, in the case of a corporation which is to have no capital stock, of the members of such corporation; provided, such provisions are not contrary to the laws of this State."

*Section* 9 reads as follows:

"The number of directors which shall constitute the whole board shall be such as from time to time shall be fixed by, or in the manner provided in, the by-laws, but in no case shall the number be less than three."

Conceding, arguendo, that the language of the above sections, taken alone, is of such broad import as to justify the inference that corporate directors may fill vacancies caused by the creation of additional directorships, nevertheless, the wording of these sections must be construed in the light of the limitations imposed by other pertinent sections of the Corporation Law and, particularly of *Section* 30, which deals specifically with vacancies. This section has been construed by an unbroken line of decisions of the Court of Chancery limiting the power of directors to the filling of only those vacancies where there was a previous incumbency. Moreover, the words "remaining directors" as used in the second paragraph of *Section* 30, "Vacancies

shall be filled by a majority of the remaining directors \* \* \*",
lend substantial support to the conclusion that the word "va-
cancies" implies a previous incumbency. Nor can we ignore
the fact that since the most recent of Chancellor Wolcott's
opinions on this subject, the Legislature of this State has
met on seven occasions without amending *Section* 30 to ob-
tain the result contended for by defendant. This is not to
say that defendant's argument is without merit, but the
long settled decisions of this State to the contrary, supported
as they are by sound reasoning, persuade the conclusion
that the existing law should remain undisturbed. It follows
that the by-law under consideration must be held to be in-
valid.

We are of the opinion, therefore, that the Vice Chan-
cellor did not err in his conclusions that, under the General
Corporation Law of this State, directors of a corporation
do not have the inherent power to fill newly created di-
rectorships.

Defendant also contends that plaintiffs are estopped to
challenge the by-law in question because they participated
in its adoption. In fact, defendant's charter resulted from
an agreement of merger one of the terms or conditions of
which reads as follows:

"The By-laws of Automatic as they shall exist on the effective date
of this agreement shall be and remain the By-laws of the surviving
corporation until the same shall be altered, amended or repealed."

At the time the agreement of merger was voted upon
by the stockholders, including plaintiffs, the by-laws of Auto-
matic with reference to vacancies of directors were the
same as now exist. Defendant therefore contends that plain-
tiffs in voting for the merger have estopped themselves
from challenging the by-laws. But we have found that this
by-law is invalid in the light of *Section* 30 of the *Delaware
Corporation Law*. The doctrine of estoppel is not applicable
in such a case. *Belle Isle Corp. v. Corcoran,* 29 *Del.Ch.* 554,
49 *A.2d* 1.

The opinion of the Vice Chancellor is affirmed.