183 A.2d 569 (1962)
Jacob S. RICHMAN, Plaintiff,
v.
DeVAL AERODYNAMICS, INC., a Delaware corporation, John A. Baldinger, Joseph F. Carrasco, Edward Sawyer, George R. Eulo and John Bello, Defendants.
Court of Chancery of Delaware, New Castle.
August 3, 1962.
Irving Morris, of Cohen & Morris, Wilmington, for plaintiff.
Clair John Killoran, of Killoran & Van-Brunt, Wilmington, and Frank B. Murdoch, of Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for appearing defendants.
SEITZ, Chancellor.
Plaintiff, stockholder of DeVal Aerodynamics, Inc. ("DeVal"), brought this action against DeVal and the five individual defendants who constitute its entire board of directors. All the defendants except Eulo answered the complaint. This is the decision after final hearing on plaintiff's prayer for a mandatory injunction to compel the corporation to call a special meeting of the stockholders under the pertinent by-law. The parties have agreed that there is no issue as to this court's jurisdiction.
On May 29, 1962, plaintiff delivered to DeVal's president a written request ("Request") for a special meeting of the stockholders of DeVal. It was purportedly signed by the owners of a majority in amount of its outstanding stock, as required *570 by the by-law. The president, in effect, refused to honor the Request and this action followed.
The first two issues posed involve a question as to whether the requisite number of shares were represented in the Request for the call of the special meeting.
I first consider the shares listed on the Request in the name of Herbert A. Johnson, partner for Johnson Engineering Co. Defendants say they could not be counted for purposes of ascertaining the total number of shares because that stockholder signed at a date when he was not the registered owner. Admittedly, he was the registered owner at the time the Request was delivered to the corporation. In the margin next to the Johnson signature appears the date "5/16/62". There is nothing at the top of the margin to indicate what the date is supposed to signify but I think, in the setting, the corporate officials reasonably assumed that the date was the date that the stockholders signed the Request. However, the uncontradicted testimony was that the date was in fact inserted by plaintiff later and was erroneous; that the date of the actual signing was some days later than the date inserted and at a date subsequent to a time when the partnership became a registered shareholder. Because of my subsequent determination I need not evaluate this evidence.
Was DeVal required to count Johnson Engineering Company in determining whether the holders of the requisite number of shares had demanded a stockholders' meeting under the by-law? The pertinent by-law is as follows:
"Article II. Section 5. Special meetings of the stockholders, for any purpose or purposes, unless otherwise prescribed by statute or by the certificate of incorporation, may be called by the president and shall be called by the president or secretary at the request in writing of a majority of the board of directors, or at the request in writing of stockholders owning a majority in amount of the entire capital stock of the corporation issued and outstanding and entitled to vote. Such request shall state the purpose or purposes of the proposed meeting."
The language of the by-law does not explicitly deal with the present issue. In arriving at a practical rule to govern this type of situation the court turns to a consideration of the purpose behind such a by-law provision. It would seem that it exists primarily to give the stockholders the right to take certain action when they are dissatisfied with the current management or when the current management will not honor their wishes. While the by-law deals with the calling of a special meeting, it is but the necessary preliminary to the more important objective, i. e., voting on particular matters of concern or interest at the meeting duly called. Consequently, the primary emphasis is on the right of the stockholders to vote. This in turn suggests that the corporation's interest should be directed to ascertaining whether those signing such requests are stockholders entitled to vote. Certainly they would have to be registered stockholders at the time the Request was delivered to the corporation, whether or not they were such before that time. Thus, as a convenient matter the corporation could check its records at the date the Request is received to ascertain whether or not those signing were then entitled to vote and thus presumably entitled to vote when the meeting is held. It is of no meaningful concern to the corporation whether the stockholders were or were not registered at some earlier date.
I therefore conclude that in applying this particular by-law DeVal was governed by the date of delivery of the Request. Thus, the Johnson Engineering Company shares which were then registered on the corporate books should have been included in the total of those requesting a stockholders' meeting.
I next consider defendants' contention that DeVal had the right to refuse to count *571 the Russo shares in computing the number of shares involved in the Request. The basis of the corporation's refusal was that the ownership of such shares was undetermined and under the controlling by-law the corporation was required to apply the ownership test.
What are the facts? Russo entered into a contract to sell the shares which are still registered in his name. Under the agreement, part of the consideration for the shares was paid and the certificates were put in escrow pending payment of the balance. The purchaser was given an irrevocable proxy for a term. The term expired before the date of the serving of the Request here involved. The purchaser did not make the required payment of the balance. Rather, he brought suit in New York to rescind the transaction on the ground of fraud. That issue has not yet been tried. This information was known to DeVal.
We have then a situation where the Request was signed by the registered owner. Admittedly, the other party to the contract of sale, aware of the Request and aware of this action, has not made any demand on DeVal as to this matter. The question then is whether, in this circumstance, the corporation has any standing to raise the ownership issue and to insist that such shares cannot be counted for present purposes until the matter is finally decided in New York.
There is much learning in the books concerning the relationship between stockholders and the corporation and the relationship between stockholders. A discussion of many of these problems may be found in In re Giant Portland Cement Co., 26 Del.Ch. 32, 21 A.2d 697. The general purport of the Giant Portland case is that absent some legal action by the alleged beneficial owner, the corporation is generally bound to recognize and give effect to the action of the registered owner. But the defendants say that the by-law requires that the demand be by the owners. By this they presumably mean that when the registered owner and the beneficial owner are different, the demand must be made by the beneficial owner. If that is in doubt, no one votes until that doubt is resolved, regardless of the attitudes of those parties. Defendants point to the fact that in other portions of the by-laws there is specific reference to registered owner. By not using such terminology in Section 5, defendants conclude that the distinction for which they contend was intended. Plaintiff argues that in the overall context it must mean registered owner.
One immediately observes the difficulty of adopting the construction for which the defendants contend. For example, would they honor a request in writing by a stockholder who claimed he was the real owner even though not registered on the corporate books? It is hard to imagine that such a course of conduct would be adopted. Certainly such a person could not vote at the subsequent meeting without becoming the registered stockholder or obtaining a proxy. It would not seem reasonable to suppose that it was intended to permit the corporation to go beyond its stock ledger. Compare In re Canal Construction Co., 21 Del. Ch. 155, 182 A. 545, 548. Moreover, the following by-law of DeVal (Art. VI, Sec. 6) adds weight to my construction of Section 5:
"Section 6. The corporation shall be entitled to recognize the exclusive right of a person registered on its books as the owner of shares to receive dividends and to vote as such owner, and to hold liable for calls and assessments a person registered on its books as the owner of shares, and shall not be bound to recognize any equitable or other claim to or interest in such share or shares on the part of any other person, whether or not it shall have express or other notice thereof, except as otherwise provided by the laws of Delaware."
I therefore conclude that the corporation was bound to recognize the registered *572 owner for purposes of implementing Article II, Section 5 of the by-law. I am not called upon to determine whether in an appropriate proceeding the action taken upon the Request or at the stockholders' meeting would be subject to challenge either by the corporation or by a person claiming rights superior to the registered owner. It therefore follows that the Russo shares should have been counted in considering the Request.
In view of the two conclusions reached above, I decide that the Request for the special meeting of stockholders was made by the holders of the required number of shares. The president should have called the meeting requested and a mandatory injunction compelling him to do so will be entered.
Finally, I consider the propriety of noticing for consideration at the special meeting an amendment to the by-laws conferring upon the stockholders the power: 1) to increase the number of directorships and 2) to fill vacancies and newly created directorships.
The Request states that the meeting is to be called, inter alia, for the following purposes:
"1. To consider an amendment to the By-Laws of the Corporation by amending Article III, Section 1, to provide that the Board of Directors shall not be less than six nor more than nineteen, and that the number of Directors shall be determined, in addition to existing methods, by the stockholders at a special meeting; and
"2. To consider an amendment to the By-Laws of the Corporation by amending Article III, Section 2, to provide that vacancies and newly created directorships resulting from any increase in the authorized number of Directors may be filled, in addition to existing methods, by a majority of stockholders at a special meeting; and"
Defendants say the stockholders cannot amend the by-laws to give the stockholders the exclusive right to create additional directors and elect them without first amending the Certificate of Incorporation. Plaintiff says it does not desire to vote to make the by-law exclusive. The language in the Request bears out the plaintiff's statement. Since defendants tacitly concede that the stockholders have the power here to amend the by-laws to add this additional method of director creation and election, no decision would seem to be required. The Request will be considered proper as stated by plaintiff.
Present order on notice.