Donald ·D. BURR et al., Plaintiffs,

v.

BURR CORPORATION, a Delaware corporation, et al., Defendants.

Court of Chancery of Delaware, New Castle.

May 10, 1972.

Louis J. Finger, of Richards, Layton & Finger, Wilmington, for plaintiffs.

Hugh Corroon, of Potter, Anderson & Corroon, Wilmington, for defendants.

SHORT, Vice Chancellor:

This action was commenced pursuant to 8 Del.C. § 225 for a determination as to the validity of an election of certain directors of the Burr Corporation. Both parties have moved for summary judgment and this is the decision on those motions.

Each of the plaintiffs is a stockholder of Burr Corporation. Plaintiffs own and control in aggregate approximately 30% of issued and outstanding shares of the stock; in addition each of the plaintiffs is a director of the corporation. Prior to the proceedings here in dispute plaintiff, Donald Burr, was president of Burr Corporation and its chief executive officer; plaintiff, Robert Hartman, was executive vice-president of the corporation; and plaintiff, Eugene Tracey, was its vice-president in charge of sales.

To facilitate an understanding of the events which precipitated this action, it is necessary to consider the certificate of in-

corporation and the by-laws of Burr Corporation. The restated certificate of incorporation, which continues to remain in effect, provides that the number of directors of Burr Corporation shall be fixed by the by-laws and that directors shall be elected at the annual meeting of the shareholders. Section 3.02 of the by-laws provided that the number of directors of the corporation shall be any number from one through nine as determined by the board of directors. That section also provided that the directors should be elected at the annual meeting of the stockholders except as provided in Section 3.04. Section 3.04 provided that vacancies in the board of directors created by death, resignation or removal of directors, and newly-created directorships resulting from any increase in the authorized number of directors may be filled only by the affirmative vote of the majority of the remaining directors. In accordance with these provisions, the board of directors determined that the number of directors should be five and at the annual meeting of the stockholders held in May of 1971, the plaintiffs, together with Richard Steadman and Henry Keller, were elected to be directors of Burr Corporation for the ensuing year. At a meeting of the board of directors held in June of 1971, the board increased the number of directors to six and in accordance with the by-laws filled the vacancy thereby created by designating George Pratt to be the sixth director. Pratt, Keller and Steadman, represented the majority of the stockholders of the corporation.

On September 9, 1971 the majority stockholders, by right of consent pursuant to 8 Del.C. § 228, amended Section 3.02 of the by-laws increasing the number of directors to nine. Section 3.04 was also amended to permit the holders of the majority of stock to fill newly-created directorships; and Section 3.08 was amended to permit a special meeting of the board to be called by any two directors on two days' notice. On the same date three additional directors were elected by the holders of the majority of stock.

A special meeting of the board of directors was called pursuant to amended Section 3.08 of the by-laws. By a vote of 5 to 3 the board removed the plaintiffs as officers of the corporation; it should be noted, however, that the plaintiffs continue to act as directors.

Plaintiffs challenge the validity of the election by the shareholders of the three individuals that now fill the newly-created directorships. They contend that the amended by-laws, which permits the shareholders to elect officers in order to fill vacancies and positions created by new directorships, is in conflict with the provision of the certificate of incorporation which provides that the directors shall be elected at the annual meeting of the stockholders. Plaintiffs argue that this must be viewed as a restrictive provision and that the stockholders were given the power to elect directors only at the annual meeting; that a by-law provision permitting election of directors at special meetings violates this restrictive provision and is, therefore, void. It is contended that any such change cannot be made in the by-laws but can only be accomplished by amendment of the certificate.

Plaintiffs are correct in their conclusion that a by-law in conflict with the certificate of incorporation is a nullity. Prickett v. American Steel and Pump Corporation, Del.Ch., 253 A.2d 86 (1969); Essential Enterprises Corp. v. Automatic Steel Products, 39 Del.Ch. 93, 159 A.2d 288 (1960). I cannot agree, however, that the two documents are in conflict. The provision of the certificate in question is a restatement of 8 Del.C. § 211(b) which provides that there shall be an annual meeting for the election of directors. On numerous occasions it has been held that statutory provisions referring to an annual meeting for the purpose of electing directors pertain to regular elections and were not meant to prevent a special election for newly-created positions. Moon v. Moon Motor Car Co., 17 Del.Ch. 176, 151 A. 298 (1930); Campbell v. Loew's, Inc., 36 Del.Ch. 563,

134 A.2d 852 (1957); Richman v. DeVal Aerodynamics, Inc., 40 Del.Ch. 389, 183 A.2d 569 (1962); In re A. A. Griffing Iron Co., 63 N.J.L. 168, 41 A. 931 (1898), aff'd mem., 63 N.J.L. 357, 46 A. 1097 (1899).

This case is strikingly similar to that of Moon v. Moon Motor Co., *supra*. There, the stockholders increased the number of directorships by amending the by-laws and simultaneously elected new directors to fill the newly-created positions. Shortly thereafter the reconstituted board met and removed and replaced certain officers. The plaintiffs in *Moon* challenged the validity of the procedures followed by the majority stockholders arguing that an election at a time other than the regular annual meeting, provided for in the by-laws, would violate Section 30 of the Delaware Corporation Law. The court rejected this argument holding that the legislative concept of annual meeting referred to the election of directors as successors to incumbent directors in the regular order of corporate affairs. Thus, the court found that Section 30 of the then existing Delaware Corporation Law did not prevent the shareholders from conducting special elections to fill newly-created directorship positions. The rationale upon which the Court based its decision was that

> "If the corporation, in the judgment of its majority owners ought to have a larger board of directors either because the demands of wise management require it or the maladministration of a majority of the existing board call for it, it would be a strange situation if the majority of the real owners of the corporation were to be compelled to await the passage of perhaps as much as nearly a year of time before it becomes possible for them to put into practice that which their judgment approves." 151 A. at 302.

I find unpersuasive plaintiffs' argument that *Moon* should be distinguished from this case since at the time *Moon* was decided the directors did not have the power, according to the Delaware Corporation Law, to fill newly-created directorship positions.

See comments of the Chancellor in Campbell v. Loew's, Inc., *supra*. The court's decision that demands of wise management or maladministration of the majority of the existing board may call for prompt exercise of the judgment of the corporation's majority owners is no less appropriate here merely because the present Delaware Corporation Law permits directors to fill such openings.

■ In following *Moon* I hold that Section 211(b) of the Delaware Corporation Law, progeny to its predecessor Section 30, refers only to regular elections and not to those under consideration here. Therefore, the amended by-laws of Burr Corporation which permit shareholders to elect directors to fill newly-created director positions are not conflicting with this statute. Moreover, there is no reason to assume that the paragraph in the certificate of incorporation which refers to the annual meetings is more restrictive than Section 211(b). The plaintiffs have advanced no valid reason for requiring extraordinary construction of the provision in the certificate. One who contends that such a construction must be made should be able to point to clear language in the charter evidencing that requirement. Investment Associates, Inc. v. Standard Power and Light Corp., 29 Del.Ch. 225, 48 A.2d 501 (1946), aff'd, Del.Supr., 29 Del.Ch. 593, 51 A.2d 572 (1947). I, therefore, find that the annual meetings called for in the certificate are no different from those required in Section 211(b) of the Delaware Corporation Law. That being so, the by-laws which are not conflicting with the statute do not conflict with the certificate. Accordingly, Section 3.04 of the by-laws as amended is valid.

■ The plaintiffs next contend that even if Section 3.04 of the by-laws is valid, its language does not give the shareholders the unbridled right to elect the directors. Section 3.04 provides:

> " * * * Vacancies in the Board of Directors created by the death, resignation

or removal of directors and newly created directorships resulting from any increase in the authorized number of directors may be filled only by the affirmative vote of a majority of the remaining directors or by the holders of a majority of the stock of the Corporation issued and outstanding; *provided*, that if the vacancy is created by the death, resignation or removal of a director designated as such by any person in accordance with an agreement between stockholders pursuant to subsection (c) of section 218 of Delaware General Corporation Law, then if such person shall at the time still be entitled under such agreement to make such a designation, such directors may fill the vacancy as aforesaid only choosing another designee of such person. If the directors remaining in office shall be unable, by majority vote, to fill such vacancy within 60 days of the occurrence thereof, the President or the Secretary may call a special meeting of the shareholders at which such vacancy shall be filled. Any directors so chosen shall hold office until the next annual election and until their successors are duly elected and shall qualify, unless sooner displaced. If there are no directors in office, then an election of directors may be held in the manner provided by statute."

Plaintiffs would have the court construe the language of Section 3.04 as granting the stockholders the right to fill vacancies in the board of directors only if directors remaining in office do not fill such vacancy within 60 days. I find this construction to be unwarranted in light of the clear language of the provision. Section 3.04 must be read as drawing a distinction between vacancies which are created by death, resignation or removal of the directors, and newly-created directorships resulting from an increase in the authorized number of directors. It appears upon a careful reading of the by-law that the sentence relied upon by the plaintiffs refers only to vacancy and

does not include newly-created directorships. This distinction has been recognized by our courts for many years. Automatic Steel Products, Inc. v. Johnston, 31 Del.Ch. 469, 64 A.2d 416 (1949); Campbell v. Loew's, Inc., *supra*. Moreover, 8 Del.C. § 223 speaks in terms of vacancies and newly-created directorships implying that they are not one and the same.

The language of the by-laws of Burr Corporation has been carefully drawn. It is safe to assume that the draftors of these by-laws were aware of the Delaware law which drew the distinction between a vacancy and a newly-created directorship. If the scriveners of this document had meant to deviate from the well-settled law of Delaware by defining vacancy to include newly-created directorships, it would have been an easy task for them to expressly provide that the term "vacancy" was to be applied differently from its well-settled legal meaning. This they did not do. I conclude, therefore, that the word "vacancy" in the latter part of Section 3.04 of the by-laws is limited to those openings created by death, resignation or removal of a director and does not include newly-created directorships. It follows then that the majority of shareholders of Burr Corporation acted in accordance with amended by-law, Section 3.04.

In summary I find that the amendment of Section 3.04 of the by-laws was valid and did not conflict with the terms of the certificate of incorporation of Burr Corporation. Moreover, I find that the majority of the shareholders acted in accordance with this amended section which permitted them to elect directors to the newly-created positions.

Accordingly, the defendants' motion for summary judgment is granted and the plaintiffs' motion for summary judgment is denied. An appropriate order may be submitted on notice.