HALL, Judge.
Mrs. Rosemary F. Giglio Armstrong obtained a judgment of separation a mensa et thoro from her husband, Joseph C. Armstrong, Jr., on October 10, 1963. On June 22, 1964 she filed a suit for partition of the community alleging that there is a community asset which asset grows out of an accident which occurred on or about September 7, 1962 between defendant (her husband) and the truck belonging to Mintz & Mintz Furniture Company, insured by Liberty Mutual Insurance Company.” She further alleged that her husband had filed a tort suit for damages growing out of the accident, and averred that the proceeds of this claim for damages was an asset of the community. She prayed that she be recognized as a co-owner in indivisión of this claim together with her husband and prayed for a partition of the community assets. *877 She farther prayed for a temporary injunction enjoining and restraining her husband from settling his claim for damages to her detriment and ultimately for a permanent injunction to the same effect.
To this petition the husband filed exceptions of no cause nor right of action and a motion for summary judgment. On November 19, 1964 the District Judge overruled the exceptions and denied the motion for summary judgment.
On February 3, 1965 Mrs. Armstrong filed a motion which in effect reset for February 12, 1965 the rule nisi for a preliminary injunction. The rule was heard on that date and on February 17, 1965 the District Judge rendered and signed a judgment granting a preliminary injunction “enjoining and restraining the defendant, Joseph C. Armstrong, Jr., from settling or compromising his claim for damages with Liberty Mutual Insurance Company growing out of the accident which occurred on or about the 7th day of September 1962, to the detriment of the claim of Rosemary Guglio (sic) Armstrong for her community interest in said claim for damages.”
Joseph C. Armstrong, Jr., prosecutes this appeal from that judgment of February 17, 1965.
Appellant briefed and argued his appeal in this Court. Appellee appeared and submitted the matter without brief and without argument. Appellant’s brief and also his argument were devoted exclusively to the merits of his motion for summary judgment which had been denied by the District Judge. This matter was not before us and indeed could not be because the denial of a motion for summary judgment is not ap-pealable. See LSA-C.C.P. Art. 968. Appellant made no mention of the matter which was before us, to wit his appeal from the judgment of February 17, 1965 granting the preliminary injunction.
In reviewing the record we find that on July 15, 1965 the District Judge rendered and signed a final judgment of divorce between the parties (both parties being represented by their respective attorneys) and included in that judgment the following decree:
“It is further ordered, adjudged and decreed, that the preliminary injunction issued on February 17, 1965 be made permanent restraining the defendant, Joseph C. Armstrong, Jr., from settling or compromising his claim for damages with Liberty Mutual Ins. Co. to the detriment of the claim of Rosemary Guglio (sic) Armstrong for her community interest in said claim.”
Since the preliminary injunction of February 17, 1965 has been merged in and superseded by the permanent injunction the appeal before us is MOOT and will be dismissed. (See 28 Am.Jur. “Injunctions” § 318, p. 831; § 325, p. 839) Whether the District Judge was without jurisdiction to render a permanent injunction during the pendency of an appeal from a preliminary injunction conjures up several interesting questions with regard to which we express no opinion. These questions could be raised only by review of the judgment of July 15, 1965 which, so far as the record before us discloses, has now become final.
For the foregoing reasons the appeal is dismissed as being moot; costs of this appeal to be borne by appellant.
Appeal dismissed.