ON MOTION TO DISMISS
BOUTALL, Judge.
Appellees have moved to dismiss this sus-pensive appeal from a judgment of preliminary injunction on the grounds of mootness.
Appellees brought suit against appellant alleging alteration of a lease and illegal use of the property, seeking, among other things, a preliminary injunction and a permanent injunction enjoining the defendants from use of the leased property. After hearing, a preliminary injunction issued enjoining defendants from use of the leased property and the defendants were granted a suspensive appeal, which is the matter now before us. In due course the case progressed to trial on the merits and a judgment on the merits was rendered on June 3, 1980, issuing a permanent injunction enjoining the defendants from any and all business operations for any purpose whatsoever at the leased premises.
*482 Appellees contend that the rendition of the judgment of injunction on the merits of the case has caused the appeal from the judgment of preliminary injunction to become moot. The appellant has made no response to the motion and there is no indication in the record that a suspensive appeal has been taken from the final injunction judgment of June 3rd.
The writ of preliminary injunction was designed to preserve rights pending a trial of issues of the case on the merits, either by preserving the existing status or by preventing a party from engaging in activity which may cause irreparable injury. After the parties’ rights have been adjudicated on the merits, ordinarily there is no further necessity for the existence of the preliminary injunction, since the rights of the parties will be governed by the judgment on the merits. In this case the injunction rendered on the merits is basically the same as the preliminary injunction issued on the rule to show cause. No suspensive appeal has been taken and the judgment is now executory. We must therefore recognize that whatever our decision may be on this appeal of the preliminary injunction, it can have no effect because the parties’ rights are now controlled by the permanent injunction. We further point out that there is no showing before us that there is any motion to dissolve the preliminary injunction or other pleading which may call for imposition of damages or attorneys’ fees. Code of Civil Procedure Articles 3607 and 3608.
For these reasons we are of the opinion that the issues which may be raised on this appeal are moot, and accordingly we dismiss the appeal.
APPEAL DISMISSED.