812 So.2d 758 (2002)
MOUNT GIDEON BAPTIST CHURCH, INC., Individually and through its Board of Directors, Lawrence Hollins, Ledora Butler, Lloyd Hills, Wesley Williams, Joe B. Dunn and Lucille Hollins
v.
Gerard A. ROBINSON, Alvin Dunn and Scottie Thompson
Mount Gideon Baptist Church, Inc. and Reverend Gerard Robinson
v.
Rosemary Hollins, Lucille Hollins and Joe B. Dunn.
Nos. 2001 CA 0749, 2001 CA 0750.
Court of Appeal of Louisiana, First Circuit.
February 15, 2002.
Rehearing Denied April 1, 2002.
*760 Leo J. Berggreen, Baton Rouge, for Appellants Reverend Gerard A. Robinson, Alvin Dunn and Scottie Thompson.
Robert D. Ligon, Clinton, for Appellees Mount Gideon Baptist Church, Inc., Individually and through its Board of Directors, Lawrence Hollins, Ledora Butler, Lloyd Hills, Wesley Williams, Joe B. Dunn and Lucille Hollins.
Before: FITZSIMMONS, DOWNING and LANIER, JJ.[1]
DOWNING, J.
The Reverend Gerard A. Robinson and his associates appeal a declaratory judgment and permanent injunction enjoining Rev. Robinson from "interfering with the church affairs of Mt. Gideon Baptist Church, Inc." The main issues presented concern whether the trial court has impermissibly interfered with a church's ecclesiastical matters in violation of the United States and Louisiana constitutions. Concluding the no issue of doctrinal controversy is involved in the litigation below and that appellees are entitled to the relief sought, we affirm the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY
Mount Gideon Baptist Church ("Mount Gideon") has been in existence over fifty years, but was not legally incorporated until February 15, 1990 when it was incorporated as a nonprofit corporation. Although the articles of incorporation say the corporation should be governed by its bylaws, no bylaws were adopted for over ten years.
In March and April 2000 dissension between two factions in the church came to a head. On March 7, 2000 Rev. Robinson and his faction held a meeting without giving notice to the named corporate directors still living nor to the membership. At this meeting, the Robinson faction purported to replace the board of directors, enact bylaws and amend the articles of incorporation.
By letter dated March 22, 2000, Rosemary Hollins mailed notice to the church membership announcing a "general church *761 meeting" to be held on April 1, 2000. The special meeting was held and attended by one hundred church members, including Rev. Robinson, who left with his followers before any business was conducted. Seventy-eight members remained. They unanimously elected six new members to the board of directors.
On April 5, 2000 the Robinson faction filed a lawsuit against Rosemary Hollins, Lucille Hollins and Joe B. Dunn (the "Hollins faction") praying for declaratory judgment and injunctive relief. On April 10, 2000 members of the Hollins faction filed a petition for declaratory judgment against the Rev. Robinson and his associates wherein they also asked for injunctive relief. These matters were consolidated on May 1, 2000.[2] On July 20, 2000 the Robinson faction filed a declinatory exception raising the objection of lack of subject matter jurisdiction.
The trial court held a hearing on the preliminary injunction and the exception on July 24, 2000. It overruled the exception raising the objection of lack of subject matter jurisdiction and ordered a preliminary injunction prohibiting all parties from entering or holding services at the church and from withdrawing, converting or disposing of church funds. On August 9, 2000 the Robinson faction filed a motion and order to devolutively appeal the judgment, which was granted. The trial court declined to stay the proceedings until the appeal had been decided. See La. C.C.P. art. 3612.
On October 9, 2000 the trial court held a trial on the declaratory judgment and permanent injunction actions. After submission of the evidence, including the evidence submitted at the hearing on the preliminary injunction, the trial court took the matter under advisement. On October 17, 2000 the trial court rendered a written opinion. Judgment was signed on October 26, 2000 declaring that the actions taken by the Robinson faction on March 7, 2000 were invalid, declaring that the actions taken by the Hollis faction on April 1, 2000 were legally effective and valid, and enjoining Rev. Gerard Robinson "from interfering with the church affairs of Mt. Gideon Baptist Church."
The Robinson faction appeals this judgment asserting four assignments of error, as follows:
1. The trial court erred in ruling that the declinatory exception of lack of subject matter jurisdiction was without merit;
2. The trial court erred in granting the preliminary injunction requested by Rosemary Hollins et al;
3. The trial court erred in converting the preliminary injunction into a permanent injunction; and
4. The trial court erred in granting relief to plaintiffs on their suit for declaratory judgment.

DISCUSSION

SUBJECT MATTER JURISDICTION

(ASSIGNMENT OF ERROR NO. 1)
The First Amendment to the United States Constitution and Article I, § 8 of the Louisiana Constitution severely circumscribes the role civil courts may play in resolving church disputes. The First Amendment prohibits civil courts from resolving church disputes on the basis of religious doctrine and practice. Fluker Community Church v. Hitchens, 419 So.2d 445, 446 (La.1982). Civil courts may, however, adjudicate disputes involving religious organizations employing *762 "neutral principles of law" where there is no issue of "doctrinal controversy" or of "interpretation or evaluation of ecclesiastical doctrine or practices." See Fluker, 419 So.2d at 447. A civil court must examine pertinent religious documents with an attitude of "neutrality and non-entanglement." Id.
Here, the trial court observed the following:
I'm going to overrule the exception of lack of subject matter jurisdiction. We're not being asked to interpret scripture. This has nothing to do the creed of the church, this has to do with the organization of the church. And if there is no other mechanism to resolve these kinds of disputes, then either the court has to, has to do it, or it has to leave, leave it up to the people involved and, obviously, they've been unable to resolve the dispute or we wouldn't be here. And in the effort to keep peace in the community and to have things resolved in an orderly fashion without resort to physical violence or intimidation, I don't see any other way to handle this but the way that we're doing it today.
In LeBlanc v. Davis, 432 So.2d 239, 241 (La.1983), the supreme court noted that Louisiana courts "have held that ecclesiastical matters are not at issue when a petition alleges that a pastor has been dismissed by his church members but has refused to leave and the church members ask the court to decide whether an injunction is warranted." (Citation omitted.) The supreme court then observed that ecclesiastical matters are not at issue when the court is required to determine whether church members conducted an election according to the procedure set forth in the church's charter.
Here, the petitions call for no interpretation or evaluation of ecclesiastical doctrine or practice. The petitions of both parties ask the court to determine which bylaws, which directors and which articles of incorporation control the governance of Mt. Gideon. In Wilkerson v. Battiste, 393 So.2d 195, 197 (La.App. 1 Cir.1980), this court observed that "the procedural niceties attending the election of a board of directors for a non-profit religious corporation have nothing to do with religious law, custom or policy and are not ecclesiastical matters within the exclusive domain of a particular religious group." In Smith v. Riley, 424 So.2d 1166, 1170 (La.App. 1 Cir.1982), this court ruled that the trial court had authority "to determine whether the Board of Trustees was legally constituted and to issue such orders necessary to enforce the church's compliance with its own Articles of Incorporation."
We conclude the trial court committed no error in overruling the Robinson faction's declinatory exception raising the objection of lack of subject matter jurisdiction.
The appellants' first assignment of error is without merit.

PRELIMINARY INJUNCTION

(ASSIGNMENT OF ERROR NO. 2)
The Robinson faction next argues the trial court erred in granting a preliminary injunction in this matter. Whether or not there is merit to this argument, the preliminary injunction itself has "no effect because the parties' rights are now controlled by the permanent injunction." Sinclair v. Banfield, 388 So.2d 481, 482 (La.App. 4 Cir.1980). "[A]ny procedural errors made by the trial court have been cured by the subsequent entering of a permanent injunction after a trial on the merits." Green v. Champion Insurance Company, 577 So.2d 249, 260 (La.App. 1 Cir.1991). Preliminary injunctions merge into and are superceded by permanent injunctions. *763 See Armstrong v. Armstrong, 181 So.2d 876, 877 (La.App. 4 Cir.1966).
Accordingly, whether or not the trial court erred in granting the preliminary injunction is a moot issue. Id.
The appellants' second assignment of error is without merit.

DECLARATORY JUDGMENT

(ASSIGNMENT OF ERROR NO. 4)
The Robinson faction argues that the trial court erred in granting a declaratory judgment in favor of the Hollis faction because authorized persons did not call the meeting, the church corporation had no legal directors other than the ones it elected who could call a meeting, and because notice of the meeting was not mailed within the time frame provided in law. We discuss these in turn.
Louisiana Revised Statute 12:229 C provides that special meetings of the members may be called at any time by the president, the board of directors or any person so authorized in the articles or bylaws. The Robinson faction next argues that under La. R.S. 12:224 B no director shall be elected for a longer single term than five years, apparently suggesting that the initial board of directors ceased to exist or function five years after incorporation. The Robinson faction suggests, therefore, that no board existed to call a meeting. The corporation has never had a president.
Under La. R.S. 12:224 C, however, each director shall hold office for the term for which he was named or elected, and until his successor is elected and qualified. Here, four of the initial board members still survived and were active members of the church. They continued as directors until their successors were elected and qualified. The record contains evidence that the board of directors met and called the special meeting on April 1, 2000.[3]
We agree with the trial court that the March 7, 2000 meeting called by the Robinson faction was legally flawed in many respects and that the actions taken there are null and void. The articles of incorporation do not provide a method for amending the articles or the corporations' bylaws, so Louisiana statutes control. La. R.S. 12:237 B, La. R.S. 12:222 A. The participants failed to comply with La. R.S. 12:237 B regarding amendment of the articles of incorporation. They failed to comply with La. R.S. 12:222 A regarding the amendment of bylaws. Notice was not sent to the directors or to the members. No quorum was present. The trial court was not manifestly erroneous in determining that the acts taken at this meeting were invalid.
Nonetheless, the Robinson faction further argues that the Hollis faction gave inadequate notice for the April 1, 2000 meeting. The Robinson faction argues that La. R.S. 12:230 A requires at least ten days notice and the members received only nine days notice. Notice was mailed on March 22, 2000 for the April 1, 2000 meeting. April 1, 2000 was the tenth day.
Louisiana Civil Procedure Code art. 5059 provides that "the date of the act ... after which the period begins to run is not to be included," but the "last day of the period is to be included." Applying art. 5059, the trial court determined that the notice was legally sufficient. See Hebert v. Stansbury, 248 So.2d 873, 874-875 (La. App. 3 Cir.1971) where the court adopts this same approach in calculating time under a similar corporation statute but notes *764 that if the last day were not included, the first day would have to be included under the applicable language, similar to that before us. We conclude the notice provided was legally sufficient.
The notice of the April 1, 2000 meeting clearly advised the members of the purpose of the meeting. A quorum was present. Of the record 148 church members, 100 were present, at least initially. The minutes reflect that 78 members voted in favor of the action taken. Six new directors were elected. Rev. Robinson was removed from his duties as pastor.
We therefore conclude that the trial court was not manifestly erroneous in declaring that the actions taken by the Robinson faction on March 7, 2000 were invalid and declaring that the actions taken by the Hollis faction were legally effective and valid.
The appellants' fourth assignment of error is without merit.

PERMANENT INJUNCTION

(ASSIGNMENT OF ERROR NO. 3)
Louisiana Civil Code art. 3603 provides that an injunction shall issue in cases where irreparable injury, loss or damage may otherwise result to the applicant. The Robinson faction appears to argue that the Hollis faction is not entitled to a permanent injunction because it has failed to prove any irreparable harm or injury. We disagree.
The record shows that Rev. Robinson and his followers were willing to do almost anything to usurp the power from the church members and it boards. They withdrew money from bank accounts without authorization. They purported to amend the articles of incorporation and bylaws and file them with the Louisiana Secretary of State. Rev. Robinson disrupted a service held by the Hollis faction. The Robinson faction held a religious service despite an agreement to the contrary. They blew car horns to disrupt members.
In LeBlanc v. Davis, 432 So.2d at 243, the Louisiana Supreme Court held that injunctive relief was properly granted where the defendant's continued presence as pastor prevented the church members from pursuing their religious beliefs and from enjoying the use of their church property and where banks accounts had to be frozen until the controversy was resolved. Finding the situation before us highly analogous, we conclude that the trial court committed no error in granting a permanent injunction in this matter.
The appellants' third assignment of error is without merit.

CONCLUSION
The judgment of the trial court is affirmed. Costs are taxed to the appellants.
AFFIRMED.
NOTES
[1] The Honorable Walter I. Lanier, Jr., Judge (retired), First Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The parties claim that the Robinson lawsuit was subsequently dismissed with prejudice, but the record contains no evidence of such action.
[3] The Robinson faction does not challenge the procedural aspects of the Board's meeting in which it voted to call and send notice of the April 1 special meeting.