177 P.3d 509 (2008)
NEVADA CLASSIFIED SCHOOL EMPLOYEES ASSOCIATION; American Federation of Teachers/Paraprofessional & School-Related Personnel, Local 6181; Steve Simmons, in his Capacity as President of NCSEA; Lynn Haas; Anne Woodring; Robert Shopper; Sue Brown; Chuck Feagan; Glen Eubanks; Patti Gore; Jan Holland; Joe Haynes, in his Official Capacity as Secretary of NCSEA; Betty McKay, in her Official Capacity as Secretary of NCSEA; and Jeff White, in his Official Capacity as Treasurer of NCSEA, Appellants,
v.
Cindy QUAGLIA, in her Individual Capacity; Louella Thomas, in her individual Capacity; Lori Lotts, in her Individual Capacity; Christopher Roy, in his Individual Capacity; Dick Watkins, in his Individual Capacity; Les Rasmussen, in his Individual Capacity; Christine McDonald, in her Individual Capacity; Fran Harris, in her Individual Capacity; Christy Cronon, in her Individual Capacity; Washoe County, Chapter 2 of the Nevada Classified School Employees Association; and Toni Maresjo, in her Official Capacity as an Officer of Washoe County, Chapter 2 of the Nevada Classified School Employees Association, Respondents.
No. 46618.
Supreme Court of Nevada.
February 28, 2008.
*510 Michael E. Langton, Reno, for Appellants.
Dyer, Lawrence, Penrose, Flaherty & Donaldson and Michael W. Dyer, Sandra G. Lawrence, and James W. Penrose, Carson City, for Respondents.
BEFORE THE COURT EN BANC.[1]

OPINION
PER CURIAM:
In this appeal, we consider whether a corporate bylaw is invalid when it contravenes the voting requirements of the corporation's articles of incorporation. We conclude that a corporation's bylaw is void to the extent that it is inconsistent with the corporation's articles of incorporation. Based upon this conclusion, we next consider whether an amendment to the bylaws is likewise invalid when it is adopted under the invalid bylaw's voting procedure. We conclude that the amendment, adopted under a void bylaw's required procedure, is also invalid. Accordingly, we affirm the district court's order refusing to grant a preliminary injunction based upon the invalid amendment and also affirm its order granting declaratory relief to the opposing party.

FACTUAL BACKGROUND
Appellant Nevada Classified School Employees Association (NCSEA) is an employee organization comprised of multiple chapters of Nevada public school district employees. NCSEA is a nonprofit corporation governed by its articles of incorporation and bylaws. The articles of incorporation, at the eighth article, state that "[t]he voting power . . . of each member shall be equal." On the other hand, the bylaws state that "each Chapter shall be entitled to one (1) Delegate for every fifty (50) members or part thereof, with a maximum seven (7) Delegates."
Before 2003, article III, section 3, of the bylaws required that a chapter wishing to disaffiliate from NCSEA simply give NCSEA notice. However, at the annual delegate conference in 2003, NCSEA sought to amend section 3 to require that disaffiliation be approved by a supermajority of the entire chapter membership. At that time, respondent Washoe County, Chapter 2 of the NCSEA (Chapter 2), had 923 members and, per the bylaws, was allowed to send a maximum of seven delegates to the conference. As a result, Chapter 2 had one delegate for every 132 members. But, NCSEA's other chapters had a combined total membership of 644 and sent 28 delegates to the conference, meaning that the other chapters had one delegate for every 23 members.
Chapter 2 opposed the amendment of section 3, but it passed upon a vote of thirty to seven, with Chapter 2 casting all seven dissenting votes (two members of the state board were also permitted to vote). As amended, section 3 states, in pertinent part, "[a] vote to withdraw from [NCSEA] shall require a two-thirds (2/3) vote of the entire Chapter membership."
In late 2004, Chapter 2 determined that it would disaffiliate from NCSEA. Following a chapter-wide election, Chapter 2 notified NCSEA that it was disaffiliating from the organization. NCSEA then sought to prevent Chapter 2 from disaffiliating and moved for injunctive relief. Part of its argument was that the requirements of section 3 had not been fulfilled because two-thirds "of the entire Chapter membership" did not vote to disaffiliate. Chapter 2 counterclaimed for declaratory relief, contending, in part, that section 3 had not been properly amended to require a two-thirds vote for withdrawal in the first place.
*511 In pertinent part, the district court determined that Chapter 2's election to withdraw satisfied NCSEA's amended bylaws, and therefore, Chapter 2's argument concerning the validity of the amendment of section 3 was moot. Parenthetically, the district court noted that "[a]n in-depth analysis would probably support a conclusion that [section 3] is void for violating NCSEA's Articles of Incorporation." Based on those conclusions, the district court dismissed NCSEA's complaint for injunctive relief with prejudice and granted Chapter 2's counterclaim for declaratory relief, approving its methods of disaffiliation. Subsequently, the district court denied NCSEA's motion for a new trial, and NCSEA appealed.

DISCUSSION
We review questions of law de novo.[2] We accept the district court's findings of fact as true unless they are not supported by substantial evidence in the record.[3]
NCSEA argues that the district court erred in denying it relief because the district court improperly determined that Chapter 2's election satisfied the amended. NCSEA bylaws. Conversely, Chapter 2 contends that the district court did not err in that respect, and even if it had, the court still reached the right result because the two-thirds vote amendment was void, as it contradicted the voting requirements set forth in the NCSEA's articles of incorporation.
The question of whether a corporate bylaw is void if it conflicts with the articles of incorporation raises an issue of first impression for this court. However, our sister states have reached this legal issue and held that a corporation's bylaws are void to the extent that they are inconsistent with its articles of incorporation.[4] For example, the Delaware Supreme Court, well-known for its refinement of corporate law, has stated that "[w]here a by-law provision is in conflict with a provision of the charter, the by-law provision is a `nullity.'"[5] We now adopt that rule and conclude that a corporation's valid bylaws cannot be inconsistent with its articles of incorporation.
Here, the eighth article of NCSEA's articles of incorporation requires that each member of the corporation have equal voting power. NCSEA concedes that a "member" of NCSEA is any individual belonging to one of its chapters. But the bylaws cap the number of delegates each chapter may have to no more than seven, which potentially results in larger chapters having fewer representatives per member than smaller chapters. Under this bylaw, NCSEA limited Chapter 2 to seven delegates, which resulted in Chapter 2 having one delegate for every 132 members. All other NCSEA chapters were represented by one delegate for every 23 members. Consequently, we conclude that the bylaws' seven-delegate cap impermissibly conflicts with the eighth article of incorporation because Chapter 2's members did not have equal voting power with other chapters' members and is, therefore, void. As a result, in 2003, section 3 was not amended in a manner consistent with the eighth article, and consequently, the amendment to section 3 is likewise invalid.[6] Thus, we conclude that the disaffiliation *512 procedure in effect in 2004, at the time Chapter 2 disaffiliated from NCSEA, was the prior section 3 provision, which required a chapter to simply give NCSEA notice of its intent to disaffiliate. We further conclude that Chapter 2 properly disaffiliated from NCSEA because substantial evidence supports the district court's determination that NCSEA received sufficient notice. Accordingly, although the district court resolved this matter on different grounds,[7] it properly denied NCSEA's request for injunctive relief and granted Chapter 2's request for declaratory relief.[8]

CONCLUSION
We conclude that the bylaw setting forth the seven-delegate cap directly conflicts with the articles of incorporation's requirement that each member of NCSEA have equal voting power and, therefore, that it is invalid. Accordingly, because it was voted on in violation of the equal vote article, the amendment to section 3 is likewise invalid, and Chapter 2 properly disaffiliated from NCSEA by simply giving notice to NCSEA. Based upon this conclusion, we do not need to address the appellants' counter-argument that the doctrines of equitable estoppel and laches apply. Accordingly, we affirm the district court's orders.
NOTES
[1] The Honorable Robert E. Rose, Senior Justice, was appointed by the court to sit in place of the Honorable James W. Hardesty, Justice, who voluntarily recused himself from participation in this matter. Nev. Const. art. 6, § 19; SCR 10.
[2] Sheehan & Sheehan v. Nelson Malley & Co., 121 Nev. 481, 486, 117 P.3d 219, 223 (2005) (reviewing de novo the interpretation of a contract); Keife v. Logan, 119 Nev. 372, 374, 75 P.3d 357, 359 (2003) (reviewing questions of law de novo).
[3] Keife, 119 Nev. at 374, 75 P.3d at 359.
[4] See, e.g., Roach v. Bynum, 403 So.2d 187, 192 (Ala.1981) (holding that the bylaws were void to the extent that they conflicted with the corporation act and the articles of incorporation); State v. Ostrander, 212 Or. 177, 318 P.2d 284, 289-90 (1957) (citing several sources and holding that a bylaw is void if it conflicts with the statutes, charter, articles of incorporation, or public policy).
[5] Centaur Partners v. Nat. Intergroup, Inc., 582 A.2d 923, 929 (Del.1990) (quoting Burr v. Burr Corporation, 291 A.2d 409, 410 (Del.Ch.1972)).
[6] See, e.g., Mount Gideon Baptist Church v. Robinson, 812 So.2d 758, 763 (La.Ct.App.2002) (holding that amendments to bylaws that are not adopted in conformity with voting procedures and requirements are "null and void" and "invalid"); Ostrander, 318 P.2d at 290 (stating that a bylaw is "`illegal and void'" if changed in a manner inconsistent with the contract between the corporation and its members) (quoting McConnell v. Owyhee Ditch Co., 132 Or. 128, 283 P. 755, 756 (1930)).
[7] See generally Hotel Riviera, Inc. v. Torres, 97 Nev. 399, 403, 632 P.2d 1155, 1158 (1981) (holding that "[i]f a decision below is correct, it will not be disturbed on appeal even though the lower court relied upon wrong reasons").
[8] As, on appeal, NCSEA did not address the district court order denying its motion for a new trial, we summarily affirm the district court's order. Browning v. State, 120 Nev. 347, 361, 91 P.3d 39, 50 (2004).