SIDNEY KRIEGER, PLAINTIFF-APPELLANT, v. HELMSLEY-SPEAR, INC. AND INVESTMENT PROPERTIES ASSOCIATES, A LIMITED PARTNERSHIP ASSOCIATION, DEFENDANTS-RESPONDENTS.

Argued March 6, 1973—Decided April 2, 1973.

*Mr. Herman J. Eberiel* argued the cause for plaintiff-appellant.

*Mr. Lawrence D. Smith* argued the cause for defendants-respondents (*Messrs. Hein, Smith, Mooney & Berezin,* attorneys).

PER CURIAM. We grant plaintiff's petition for certification and reverse the judgment of the Appellate Division as to defendant Investment Properties Associates.

Investment Properties Associates, plaintiff's landlord, refused to give its consent to plaintiff's proposed sublease of his office space. Plaintiff's lease required that the Landlord's consent to a sublease be obtained, but added that such consent could not be unreasonably withheld. The sole objection made by the landlord was that the proposed subtenant was then a tenant occupying office space in another building owned by the landlord so that if it consented to a sublease to the particular subtenant, it would lose him as a tenant in its other building.* There being no dispute as to any material fact, the court decided the case on cross-motions for summary judgment, granting that of defendants' and denying plaintiffs. The Appellate Division affirmed.

The ground asserted for withholding consent was insufficient in law. The clause is for the protection of the landlord in its ownership and operation of the particular property — not for its general economic protection. Otherwise the landlord could refuse consent if it had vacancies in its other building. Plaintiff's motion should have been granted and that of defendants' denied.

The proceedings are remanded to the Chancery Division for the entry of an appropriate judgment.

---

*The proposed subtenant's lease in the other building was about to expire and negotiations for a new lease were being had.

*For reversal*—Chief Justice WEINTRAUB, Justices JACOBS, HALL and MOUNTAIN, and Judges CONFORD, SULLIVAN and LEWIS—7.

*For affirmance*—None.