■ VICTORIA M. McCABE, Respondent, v MARTIN HOFFMAN et al., Appellants.—Order of the Supreme Court, New York County (Ethel B. Danzig, J.), entered on or about July 30, 1987, which granted plaintiff's motion for partial summary judgment only to the extent of declaring invalid the subleasing fee imposed by defendant cooperative corporation and dismissed the seventh cause of action for punitive damages, is unanimously modified on the law to the extent of denying plaintiff's motion for partial summary judgment declaring the subleasing fee invalid, and otherwise affirmed, without costs or disbursements.

Plaintiff is the shareholder and proprietary lessee of two apartments located at 201 West 89th Street in Manhattan, a building owned by defendant cooperative corporation. She purchased the units at the time of the cooperative conversion in 1981, one as a home for herself and the second for investment purposes. In that regard, the offering plan states in pertinent part that an owner has "the right to sell his apartment and retain all proceeds of such sale or sublet his apart-

ment and retain the rental from such subletting, provided the prospective purchaser or subtenants is first approved by the Apartment Corporation's board of directors, or (if they refuse) tenant-shareholders owning at least sixty-five (65%) percent of the Apartment Corporation's outstanding shares". Section 15 of the proprietary lease also requires the consent of the board of directors to a sublease or to the renewal or extension thereof or, if the board fails to give such consent, of shareholders owning at least 65% of the shares. In addition, "[a]ny consent to subletting may be subject to such conditions as the Directors or Lessees, as the case may be, may impose."

At a meeting held on August 11, 1981, the board of directors approved a resolution imposing a 10% surcharge on the profit to be realized by shareholders from subletting apartments. In December of 1981, the board of directors advised shareholders that it would no longer accept long-term subleases and that, moreover, the new policy was that where the rent received by a shareholder was in excess of the maintenance charges, "the sublessor will be required to pay a monthly surcharge of 5% of the rent collected to the Building."

Plaintiff subleased one of her apartments with the permission of the board of directors, but when the board subsequently declined to approve a renewal of the sublease to plaintiff's tenant, she commenced the instant action, challenging, in part, the authority of the Board of Directors to place restrictions on subleasing and the legality of the 5% surcharge on subletting. The only issue on this appeal, however, relates to the surcharge on subletting, which the Supreme Court found to be invalid under both section 501 (c) of the Business Corporation Law and the reasoning of the Court of Appeals in *Fe Bland v Two Trees Mgt. Co.* (66 NY2d 556). In the view of the Supreme Court: "Prior to 1986, Business Corporation Law 501 (c) prohibited any corporation (including a cooperative corporation) from giving different treatment to different holders of the same class of stock. In *FeBland v. Two Trees Management Corp.*, 66 NY2d 556, the court invalidated a transfer fee (known as a 'flip tax') based upon a percentage of the sales price, on the ground that persons holding shares of the same class of stock were not treated equally upon sale of the stock (i.e., that the dollar amount per share varied with each sale). Section 501 (c) was subsequently amended to permit 'variations in fees or charges payable to the corporation upon sale or transfer of shares and appurtenant proprietary leases . . .' The effect of the amended BCL § 501 (c) was to overrule *FeBland* insofar as it related to a transfer of shares.

However, the new amendment does not apply to a sublease, which is neither a transfer of shares nor a transfer of an entire interest in a leasehold. Accordingly, the subleasing fee set by the Board at 5 per cent of the sublease rental is invalid as a matter of law under BCL § 501 (c) and the rules set forth in *Fe Bland.*"

In *Fe Bland v Two Trees Mgt. Co. (supra)*, the cooperative corporation had adopted a fee on the transfer of shares in amounts ranging from $50 to $200 per share depending upon whether the assignor was an original purchaser from the sponsor or an outsider and whether he had been an owner for five years or more. At that time, Business Corporation Law § 501 (c) provided that "each share shall be equal to every other share of the same class." Since the transfer fee therein treated shareholders of the same class differently by distinguishing between inside purchasers and subsequent purchasers and also varied from shareholder to shareholder depending upon the length of time that he had been an owner, the Court of Appeals determined that the flip tax in question violated section 501 (c) of the Business Corporation Law. Clearly, the situation existing in *Fe Bland* is entirely inapplicable to the matter before us, and, thus, the Supreme Court's reliance upon that case was misplaced. Here, the surcharge imposed by defendant cooperative corporation is the same for all shareholders—5% of the rent collected in those instances where the rent exceeds the maintenance cost. Inside purchasers are not assessed differently than are outsiders, nor is the fee affected by how long the shareholder has owned his or her shares.

Moreover, contrary to the Supreme Court's conclusion that *Fe Bland v Two Trees Mgt. Co. (supra)* invalidated a transfer fee which was based upon a percentage of the sales price, a reading of *Fe Bland* clearly reveals that the flip tax was not found to violate Business Corporation Law § 501 (c) on that ground, and, indeed, in *330 W. End Apt. Corp. v Kelly* (66 NY2d 556), the companion matter to *Fe Bland,* the transfer fee, which *was* proportional to the profit earned by the assigning shareholder, was not deemed to violate section 501 (c). Rather, the transfer fee in *330 W. End* was held unlawful because it was not authorized by either the corporation's bylaws or proprietary lease. Therefore, even if the rationale in *Fe Bland* could be extended from flip taxes to surcharges on subletting, that case would not require that the surcharge adopted by defendant corporation be declared invalid.

It is particularly significant, however, that section 501 of

the Business Corporation Law, both in its earlier form and in its amended versions, specifically relates to the creation, issuance and treatment of the shares of a corporation. Subdivision (c) mandates that "each share shall be equal to every other share of the same class", although the 1986 amendment states that shares shall not be considered unequal under certain specified circumstances with respect to corporations owning or leasing residential premises and operating them on a cooperative basis. It is difficult to perceive how a surcharge on subletting, bearing no relationship to the number or class of shares owned and which is strictly dependent upon the rent received by the sublessor, falls within the purview of section 501 (c) of the Business Corporation Law. Certainly, *Fe Bland v Two Trees Mgt. Co. (supra)* involves the transfer of shares, not subleasing. For all of the foregoing reasons, the Supreme Court was not warranted in declaring invalid the subleasing surcharge *(see, Zuckerman v 33072 Owners Corp.,* 97 AD2d 736, 737, wherein this court stated that the board therein had "the authority under the proprietary lease to levy a reasonable sublet fee"). Concur—Sandler, J. P., Sullivan, Asch, Milonas and Rosenberger, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY RICHARDSON, Appellant.—Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered on February 1, 1984, unanimously affirmed.