■ MURRAY ZIMILES et al., Respondents-Appellants, v HOTEL DES ARTISTES, INC., Appellant-Respondent. [627 NYS2d 382] —Order and judgment (one paper), Supreme Court, New York County (Carol Huff, J.), entered on or about May 13, 1994, which, *inter alia*, granted partial summary judgment to plaintiffs on several causes of action and granted partial summary judgment to defendant dismissing several causes of action, unanimously modified, on the law, to the extent of vacating the award of $2,500 attorneys' fees to plaintiffs and remanding the matter for a hearing to determine the amount of attorneys' fees due plaintiffs and otherwise affirmed, without costs.

Since the By-Laws and Proprietary Lease of defendant contain no specific authority for the imposition of a sublet surcharge, and since defendant failed to follow the proper procedures to effectuate an amendment of the Proprietary Lease authorizing such a sublet surcharge, the IAS Court properly voided the surcharge *ab initio* and provided for an appropriate remedy whereby all the improperly obtained surcharges will be returned (*see, Zuckerman v 33072 Owners Corp.*, 97 AD2d 736; *Bailey v 800 Grand Concourse Owners*, 199 AD2d 1). We also agree with the IAS Court that there is no evidence to support plaintiffs' claims of bad faith, self-dealing, or breach of fiduciary duties on the part of the Board of Directors.

As for attorneys' fees, the court properly awarded such to plaintiffs in light of their successful prosecution of several of their claims and in light of the attorneys' fee provision contained in the Proprietary Lease (*see, Sperling v 145 E. 15th St. Tenants' Corp.*, 174 AD2d 498). However, since there appears to be no evidence with respect to the attorneys' fees actually incurred by plaintiffs, a hearing is warranted on said issue (*see, Barrios v Klein*, 133 AD2d 574, *lv dismissed* 70 NY2d 1002).

We have considered the parties' other claims and find them meritless. Concur—Murphy, P. J., Rubin, Kupferman and Mazzarelli, JJ.