922 A.2d 1238

SALVATORE A. VERGOPIA, JANET VERGOPIA AND EDWARD A. VERGOPIA, PLAINTIFFS, v. COREY E. SHAKER, WILLIAM C. MULLER, JR., JOSEPH SHAKER, JAMES CHRIST, DOMENIC COLASACCO, C. MICHAEL JACOBI, LOUIS I. MARGOLIS, ALL INDIVIDUALLY AND/OR AS DIRECTORS OF HOMETOWN AUTO RETAILERS, INC., JOHN DOES, WESTWOOD LINCOLN MERCURY SALES, INC., STEVEN SHAKER, EDWARD D. SHAKER, JOSEPH SHAKER, AS TRUSTEE OF RICHARD SHAKER, VOTING TRUST, SADIE NEJAIME, JANET SHAKER, EDWARD SHAKER, PAUL SHAKER, ROSE SHAKER AND WILLIAM C. MULLER, SR., DEFENDANTS, AND HOMETOWN AUTO RETAILERS, INC., DEFENDANT-APPELLANT, AND STEPHEN A. ZELNICK, DEFENDANT-CROSS-CLAIMANT-RESPONDENT.

UNIVERSAL UNDERWRITERS GROUP, PLAINTIFF, v. THE CHUBB GROUP OF INSURANCE COMPANIES; FEDERAL INSURANCE COMPANY; SALVATORE A. VERGOPIA; JANET VERGOPIA; EDWARD A. VERGOPIA; COREY E. SHAKER; WILLIAM C. MULLER, JR.; JOSEPH SHAKER; JAMES CHRIST; DOMENIC COLASACCO; C. MICHAEL JACOBI; LOUIS I. MARGOLIS; INDIVIDUALLY AND/OR AS DI-

RECTORS OF HOMETOWN AUTO RETAILERS, INC.; WEST-WOOD LINCOLN MERCURY SALES, INC.; STEVEN SHAKER; EDWARD D. SHAKER; JOSEPH SHAKER, AS TRUSTEE OF RICHARD SHAKER VOTING TRUST; SADIE NEJAIME; JANET SHAKER; PAUL SHAKER; ROSE SHAKER AND WILLIAM C. MULLER, SR., DEFENDANTS.

Argued November 29, 2006—Decided June 11, 2007.

*Eric M. Grant,* a member of the Connecticut bar, argued the cause for appellant (*Rogut McCarthy Troy,* attorneys; *Mr. Grant and Diane U. Dabulas,* of counsel and on the briefs).

*Dennis T. Smith* argued the cause for cross-claimant-respondent (*Pashman Stein,* attorneys).

PER CURIAM.

At issue in this appeal is indemnification. Stephen A. Zelnick was both a corporate officer of and outside counsel to Hometown Auto Retailers, Inc. (Hometown), a Delaware corporation with its principal place of business in Connecticut. In 2003, he was added as a defendant in a civil action that was brought against Hometown by two of its former senior employees, plaintiffs Salvatore and Edward Vergopia. Plaintiffs claimed that Hometown wrongfully ousted them from the corporation. Hometown asked its insurance carriers to defend and indemnify Zelnick, but its request was denied. Accordingly, Zelnick filed a cross-claim against the carriers and Hometown, demanding that they provide him with a defense and indemnification.

Eventually the Vergopias' claims against Zelnick were dismissed and, thereafter, so too was Zelnick's cross-claim. The trial court held that Zelnick was not entitled to indemnification either as an officer or as an agent of Hometown.

The Appellate Division reversed. *Vergopia v. Shaker,* 383 *N.J.Super.* 256, 891 *A.*2d 664 (2006). The panel held, under case law interpreting Delaware's General Corporation Law, that Zelnick was entitled to indemnification because he was sued by reason of the fact that he was an agent of the corporation. *Id.* at 269–70, 891 *A.*2d 664. We granted certification, 187 *N.J.* 83, 899 *A.*2d 305 (2006), largely to review the panel's holding regarding

indemnification for agents of a corporation under Delaware law, which could impact our law's requirements concerning indemnification of a corporation's agents.[1] We now affirm, but on a different and narrower basis.

Through its certificate of incorporation, Hometown has provided its directors and officers with broad protections against civil liability, thereby encouraging talented individuals to serve as its corporate leaders. We conclude that Zelnick was entitled to indemnification as a corporate officer of Hometown under the terms of that certificate of incorporation. Our holding renders it unnecessary for us to reach the issue of the scope of indemnification required to be provided to corporate agents under Delaware's General Corporation Law.

## I.

Zelnick is an attorney with the New York law firm of Morse, Zelnick, Rose & Lander. In 1997, he became involved in forming Hometown, a corporation composed of several automobile dealerships in the tri-state area.[2] Zelnick drafted and negotiated docu-

---

[1] We recognize at the outset the similarity between Delaware's and New Jersey's indemnification statutes. The very genesis of New Jersey's indemnification statute, *N.J.S.A.* 14A:3–5, has been traced to Delaware's indemnification statute, *Del.Code. Ann.* tit. 8, § 145. *See Cohen v. Southbridge Park, Inc.*, 369 *N.J.Super.* 156, 162 n. 1, 848 *A.2d* 781 (App.Div.2004); *see also* Theodore D. Moskowitz & Walter A. Effross, *Turning Back the Tide of Director and Officer Liability*, 23 *Seton Hall L.Rev.* 897, 902–12 (1993) (comparing indemnification statutes of Delaware and New Jersey, as well as various other states). New Jersey's indemnification statute was derived from section 4A of the Model Business Corporation Act that, in turn, was based on section 145 of the Delaware General Corporation Law. *Cohen, supra,* 369 *N.J.Super.* at 162 n. 1, 848 *A.2d* 781.

[2] We draw the facts relating to Zelnick's involvement with Hometown from the parties' set of stipulated facts and the exhibits attached thereto. Included among those exhibits was Salvatore Vergopia's certification, which documented Zelnick's participation in Hometown's operations both as Hometown's outside counsel and as a corporate official.

ments relating to Hometown's formation and initial public offering and then became active in Hometown's business operations.

In addition to acting as outside counsel to the corporation, Zelnick held various leadership positions with the company. During Hometown's formation, Zelnick acted as vice president of the company. In 2001 and 2002, he served as a director. Consistent with his active role in Hometown's operations, Zelnick has joined in monthly telephonic meetings of Hometown's board of directors since the company's inception.

In March 2003, Zelnick was added as a defendant to the Vergopias' ongoing civil action filed against Hometown in New Jersey. At the time, Zelnick was an assistant secretary of Hometown.[3] Salvatore and Edward Vergopia alleged that they had been wrongfully discharged by Hometown. Salvatore's wife, Janet Vergopia, also was named as a plaintiff in the lawsuit. In their third amended complaint, the Vergopias asserted claims against Zelnick for trade libel and intentional infliction of emotional distress. Those claims arose from the contents of a press release issued by Hometown addressing the Vergopias' dismissal and their lawsuit against the company, and from a Form 8–K, filed with the Securities and Exchange Commission, that incorporated the press release. The Vergopias averred that Zelnick was directly involved in the preparation and publication of the allegedly defamatory press release and Form 8–K.

When Hometown's insurance carriers refused to defend or indemnify Zelnick against the lawsuit, Zelnick asserted his cross-claims against Hometown and its insurers and retained his own attorney for interim representation. Ultimately, Zelnick obtained

---

[3] Pursuant to section 5.9 of Hometown's bylaws, in the secretary's absence Zelnick was required to: (1) attend directors' and shareholders' meetings; (2) record votes; (3) take minutes; (4) retain custody of and use the corporate seal; (5) keep and account for all of the corporation's books; (6) sign stock certificates; and (7) "generally perform all the duties appertaining to the office of Secretary of a corporation."

summary judgment dismissing the Vergopias' complaint against him.

The trial court then addressed the lingering indemnification dispute between Zelnick and Hometown.[4]  The parties submitted a set of stipulated facts and agreed that Delaware law governed whether Hometown was required to incur the cost of Zelnick's defense. The pertinent provisions of Hometown's certificate of incorporation and bylaws were set forth among the stipulated facts.  Pursuant to Article X of Hometown's certificate of incorporation,

> *[e]ach person who was or is made a party* or is threatened to be made a party to or [who] is involved *in any action, suit or proceeding,* whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), *by reason of the fact that he or she,* or a person of whom he or she is the legal representative, *is or was a director or officer, of the Corporation* or is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to employee benefit plans, *whether the basis of such proceeding is alleged action in an official capacity as a director, officer, employee or agent or in any other capacity while serving as a director, officer, employee or agent, shall be indemnified and held harmless by the Corporation* to the fullest extent authorized by the Delaware General Corporation Law.

> [ (Emphasis added).]

Section 10.1 of Hometown's bylaws further provides that

> *[t]he Corporation shall indemnify its directors and officers, and may indemnify its employees and agents,* in accordance with and to the full extent permitted by the laws of the State of Delaware as in effect from time to time, if any such person (and the heirs and legal representatives of such person) is made or threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that such person is or was, as the case may be, a director, officer, employee or agent of the Corporation or any constituent corporation absorbed in a consolidation or merger or serves or served as such with another corporation, partnership, joint venture, trust or other enterprise at the request of the Corporation or any such constituent corporation.

> [ (Emphasis added).]

---

[4] Zelnick elected to pursue his cross-claim for indemnification against Hometown only, and not against Hometown's two insurance carriers.

The trial court found that Zelnick was not sued "by reason of the fact" that he was an officer of Hometown because, it concluded, the Vergopias' claims were unrelated to Zelnick's duties as an assistant secretary of the corporation. The court also found that Zelnick was not sued "by reason of the fact" that he was an agent of Hometown. Relying on the opinion of the Delaware Court of Chancery in *Fasciana v. Electronic Data Systems Corp.*, 829 A.2d 160 (Del.Ch.2003), the court reasoned that, in reviewing the press release and Form 8–K, Zelnick was not an agent of Hometown because he was not acting on the corporation's behalf in transactions with third parties. Therefore, the trial court held that Hometown and its insurers were not required to bear the cost of Zelnick's defense.

In reversing, the Appellate Division agreed that Zelnick was not sued "by reason of the fact" that he was an officer of Hometown. *Vergopia, supra,* 383 *N.J.Super.* at 263–64, 891 A.2d 664. However, the panel parted ways with the trial court in respect of whether Zelnick was sued "by reason of the fact" that he was an agent of the corporation. *Id.* at 264, 891 A.2d 664. Concluding that the trial court had interpreted the term "agent" too restrictively under Delaware law, *id.* at 265, 891 A.2d 664, the panel determined that Zelnick was acting as an agent because, "by reviewing and commenting upon the proposed press release, which was intended for the widest possible dissemination, [Zelnick] gave advice that was intended to be used with third-parties." *Id.* at 268, 891 A.2d 664. The panel's holding did not specify whether Zelnick's right to indemnification derived from the Delaware General Corporation Law, Hometown's certificate of incorporation, or Hometown's bylaws.

We granted Hometown's petition for certification, 187 *N.J.* 83, 899 A.2d 305, and requested supplemental briefing from the parties on the following two issues:

1. Whether, under the certificate of incorporation of Hometown Auto Retailers, Inc. (Hometown), Stephen A. Zelnick "was a director or officer ... of the Corporation or ... was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture,

trust or other enterprise" when the acts giving rise to the claim for indemnity arose; and

2. Whether, under Hometown's corporate by-laws, Zelnick is entitled to mandatory ("officers and directors") or discretionary ("employees and agents") indemnity and, if the latter, whether Hometown Auto Retailers, Inc., abused its discretion in denying Zelnick's request for indemnification.

## II.

As noted, the parties agree that Delaware law governs this dispute. We begin then with a brief summary of the indemnification provisions of the Delaware General Corporation Law.

Delaware's corporate indemnification requirements are set forth in section 145 of its General Corporation Law. *Del.Code. Ann.* tit. 8, § 145. Section 145 "afford[s] significant protections to" directors, officers, employees, and agents of a corporation. *In re Walt Disney Co. Derivative Litig.*, 906 A.2d 27, 66 (Del.2006). Subsection (a) permits corporations to indemnify corporate actors in connection with lawsuits brought by third parties:

> A corporation shall have power to indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative (other than an action by or in the right of the corporation) by reason of the fact that the person is or was a director, officer, employee or agent of the corporation, or is or was serving at the request of the corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by the person in connection with such action, suit or proceeding if the person acted in good faith and in a manner the person reasonably believed to be in or not opposed to the best interests of the corporation, and, with respect to any criminal action or proceeding, had no reasonable cause to believe the person's conduct was unlawful. The termination of any action, suit or proceeding by judgment, order, settlement, conviction, or upon a plea of nolo contendere or its equivalent, shall not, of itself, create a presumption that the person did not act in good faith and in a manner which the person reasonably believed to be in or not opposed to the best interests of the corporation, and, with respect to any criminal action or proceeding, had reasonable cause to believe that the person's conduct was unlawful.

[*Del.Code. Ann.* tit. 8, § 145(a).]

In essentially parallel language, subsection (b) of section 145 permits corporations to indemnify corporate actors in connection

with lawsuits "by or in the right of" the corporation. *Del. Code. Ann.* tit. 8, § 145(b).

In addition to the permissive authority granted to corporations to provide indemnification under subsections (a) and (b), subsection (c) of section 145 requires corporations to indemnify directors and officers who successfully defend against a lawsuit:

> To the extent that a present or former director or officer of a corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to in subsections (a) and (b) of this section, or in defense of any claim, issue or matter therein, such person shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by such person in connection therewith.
>
> [*Del. Code. Ann.* tit. 8, § 145(c).]

Delaware enacted section 145 to permit corporate actors "to resist unjustified lawsuits, secure in the knowledge that, if vindicated, the corporation will bear the expense of litigation; and [to] encourag[e] capable women and men to serve as corporate directors and officers, secure in the knowledge that the corporation will absorb the costs of defending their honesty and integrity." *VonFeldt v. Stifel Fin. Corp.*, 714 A.2d 79, 84 (Del.1998). Because of the indemnification statute's remedial purpose, the Supreme Court of Delaware consistently has instructed that section 145 is to be interpreted broadly. *See, e.g., Stifel Fin. Corp. v. Cochran*, 809 A.2d 555, 561 (Del.2002) ("[T]he indemnification statute should be broadly interpreted to further the goals it was enacted to achieve."); *VonFeldt, supra*, 714 A.2d at 84 ("We eschew narrow construction of the statute...."). Courts have noted that, in addition to including suits against directors or officers in their official capacity, Delaware's "by reason of the fact" statutory language encompasses suits against directors and officers that arise indirectly from their status, position, or role as a director or officer. *E.g., Heffernan v. Pac. Dunlop GNB Corp.*, 965 F.2d 369, 375 (7th Cir.1992); *In re Adelphia Commc'ns. Corp.*, 323 B.R. 345, 378 (Bankr.S.D.N.Y.2005).

With those principles in mind, we turn now to whether Zelnick was entitled to indemnification from Hometown under the corporate instruments implementing the above statutory policies.

## III.

To resolve the issue before us, we need look no further than Hometown's certificate of incorporation. That document provides, in pertinent part, that

[e]ach person who was or is made a party or is threatened to be made a party to or [who] is involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she ... is or was a director or officer[ ] of the Corporation ..., *whether the basis of such proceeding is alleged action in an official capacity as a director, officer, employee or agent or in any other capacity while serving as a director, officer, employee or agent,* shall be indemnified and held harmless by the Corporation to the fullest extent authorized by the Delaware General Corporation Law.

[ (Emphasis added).]

Clearly, Hometown provides broad protection to its directors and officers sued for their actions, taken in any capacity, relating to the corporation. Given the breadth of the contractual right of indemnity conferred by Hometown, there is no need to address the scope of a statutory right. Hometown indemnifies its directors and officers when they act in their official capacity *"or in any other capacity while serving as* a director, officer, employee or agent." (Emphasis added). Thus, Hometown encourages highly qualified individuals to serve as leaders of the corporation without fear of liability for acts performed in furtherance of Hometown's interest. *See VonFeldt, supra,* 714 A.2d at 84. Because Zelnick is one of those individuals, denying him coverage on these facts would frustrate the salutary purpose underlying the broad sweep of the contractual indemnification provision included in the certificate of incorporation.[5]

When Zelnick was added as a party to the Vergopias' suit against Hometown in 2003, he was serving as an assistant secretary of the corporation. Although the Vergopias' claims against

---

[5] The dissent essentially reads Article X of Hometown's certificate of incorporation as an enabling provision to be implemented through the corporation's bylaws. *Post* at 237, 922 A.2d at 1250. In our view, the plain language of Article X requires that officers "shall be indemnified" if they meet the requisite conditions set forth in the certificate of incorporation.

Zelnick were not related directly to his official duties as an assistant secretary of Hometown, as defined by Hometown's by-laws, he nevertheless was sued while serving as an officer of Hometown for actions he took in furtherance of the corporation's business interests. As such, Zelnick was entitled to indemnification under the terms of Hometown's certificate of incorporation.

Both the trial court and the Appellate Division concluded that Zelnick was not sued "by reason of the fact" that he was an officer of Hometown because neither court could find a direct nexus between Zelnick's corporate duties as an assistant secretary and his specific preparation of the press release and Form 8–K. That reasoning is contrary, though, to the language and spirit of Hometown's certificate of incorporation. Moreover, focusing on the lack of synchronicity between Zelnick's official duties as assistant secretary and the conduct underlying the Vergopias' claims against Zelnick ignores the reality of his robust participation in Hometown's business operations while serving as an officer of the corporation. Zelnick was actively involved in Hometown's pursuits since the company's incorporation. According to Salvatore Vergopia, Zelnick joined with Hometown's directors in early 2001 in their effort to oust the Vergopias from their senior positions with the company. Hometown's assertions that Zelnick was a corporate outsider who is not entitled to indemnification therefore simply do not pass muster.

In sum, we conclude that the certificate of incorporation's broad indemnification of corporate officers encompasses Zelnick's circumstances in respect of the Vergopias' lawsuit.[6]

---

[6] The dissent concedes that a corporation's bylaws may not conflict with its certificate of incorporation, *post* at 235–36, 922 *A.*2d at 1249, but then asserts that the majority disregards Hometown's bylaws. We do not ignore Hometown's bylaws. Rather, we conclude that the broader indemnification provided to directors and officers under Hometown's certificate of incorporation is controlling. To the extent that Hometown's bylaws seemingly diminish the scope of indemnification afforded to directors and officers by omitting the language, "whether the basis of such proceeding is alleged action in an official capacity as a director, officer, employee or agent or in any other capacity while

## IV.

The appellate panel based its holding on a different basis, namely that Zelnick was entitled to indemnification as an agent of Hometown. *See Vergopia, supra,* 383 *N.J.Super.* at 264–70, 891 *A.*2d 664. However, neither section 145 of the Delaware General Corporation Law nor Hometown's corporate documents *requires* Hometown to indemnify its agents. Rather, section 145 merely permits a corporation to indemnify its agents. *Del.Code. Ann.* tit. 8, § 145(a)-(c).[7] Similarly, Hometown's bylaws provide that Hometown "may" indemnify its agents. It does not necessarily follow that Zelnick, as an attorney and agent of Hometown, has a right to indemnification by the corporation whenever he acts on Hometown's behalf. Because our conclusion that Zelnick is entitled to indemnification as a corporate officer results in affirmance of the Appellate Division's judgment, we do not address the correctness of the Appellate Division's alternative basis for holding in Zelnick's favor.

---

serving as a director, officer, employee or agent," which modifies the language "by reason of the fact that" in the certificate of incorporation, the bylaws must yield. *See Del.Code. Ann.* tit 8, § 109(b) ("The bylaws may contain any provision, *not inconsistent with law or with the certificate of incorporation,* relating to the business of the corporation, the conduct of its affairs, and its rights or powers or the rights or powers of its stockholders, directors, officers or employees.") (emphasis added); *Centaur Partners, IV v. Nat'l Intergroup, Inc.,* 582 *A.*2d 923, 929 (Del.1990) ("Where a by-law provision is in conflict with a provision of the charter, the by-law provision is a 'nullity.' ") (quoting *Burr v. Burr Corp.,* 291 *A.*2d 409, 410 (Del.Ch.1972)). The narrower bylaw language could have continued application in the case of the indemnification of employees and agents, however.

[7] We note that the Delaware General Corporation Law differs from New Jersey's indemnification statute in that respect. Prior to 1997, section 145(c) of the Delaware General Corporation Law required corporations to indemnify directors, officers, agents, and employees alike who successfully defended against a lawsuit. In 1997, Delaware amended section 145(c) to prescribe mandatory indemnification for directors and officers only. 71 *Del. Laws* 120 (1997). New Jersey's equivalent to section 145(c), *N.J.S.A.* 14A:3–5(4), still requires corporations to indemnify directors, officers, agents, and employees.

## V.

For the foregoing reasons, we affirm, with modification, the judgment of the Appellate Division.

Justice RIVERA–SOTO, dissenting.

Like most, if not all, corporations organized under Delaware law, Hometown Auto Retailers, Inc. (Hometown) indemnifies its directors, officers, employees, and agents under the terms of its certificate of incorporation and bylaws "to the fullest extent authorized by the Delaware General Corporation Law." The Delaware General Corporation Law specifically authorizes corporations to indemnify their directors, officers, employees, and agents who are sued *"by reason of the fact"* that they are a director, officer, employee, or agent of the corporation. *Del.Code Ann.* tit. 8, § 145. In the majority's view, Stephen A. Zelnick (Zelnick)—an independent lawyer who represents Hometown and who, as assistant secretary of the corporation, incidentally performs nothing more than ministerial services for it—is "entitled to indemnification as a corporate officer of Hometown under the terms of [its] certificate of incorporation." *Ante*, 191 *N.J.* at 220, 922 *A.2d* at 1239 (2007). Noting that "Hometown has provided its directors and officers with broad protections against civil liability," the majority finds "it unnecessary ... to reach the issue of the scope of indemnification required to be provided to corporate agents under Delaware's General Corporation Law." *Ibid.*

A better result in this instance requires the invocation of comity followed by a certification of the issues presented to the Supreme Court of Delaware. Absent that disposition, the majority's failure to consider Hometown's bylaws in conjunction with its certification of incorporation renders its analysis unsupportable. For those reasons, I respectfully dissent.

## I.

The context in which this claim for indemnity arises is critical to our understanding and resolution of it. Salvatore, Edward and

Janet Vergopia filed a complaint against Zelnick, who, in addition to his services as an independent lawyer for Hometown, also served as Hometown's assistant secretary.[1] The Vergopias claimed that Zelnick engaged in trade libel and intentional infliction of emotional distress based on his involvement with a press release issued by Hometown and the subsequent Form 8–K Hometown filed with the Securities and Exchange Commission. As noted by the trial court, Zelnick's role in the publication of the allegedly defamatory statements "was limited to advising his client [ (Hometown) ] and [to] giving ... comments to the client about the press release and directing a staff lawyer to draft the Form 8–K, which was issued by Hometown." Based on the Vergopias' complaint, Zelnick sought indemnification from Hometown both under the indemnification provisions of the Delaware General Corporation Law and Hometown's certificate of incorporation and bylaws.

In that discrete context, Delaware law provides that a claim for indemnification must be based either in statute or in contract. *Stifel Fin. Corp. v. Cochran,* 809 A.2d 555, 559 (Del.2002). The Delaware General Corporation Law provides, in the alternative, for permissive and mandatory statutory indemnification of corporate directors and officers. *Del.Code Ann.* tit. 8, § 145. Delaware's statutory framework *permits* corporations to indemnify its corporate directors and officers by providing:

A corporation shall have power to indemnify any person who was or is a party ... to any threatened, pending or completed action, suit or proceeding, whether civil,

---

[1] Article V, section 5.9 of Hometown's bylaws outlines the responsibilities of its assistant secretary, a corporate officer who acts only in the absence of the corporate secretary. Those responsibilities include: "attend meetings of the Board of Directors and the stockholders[;]" "record all votes and the minutes of all proceedings[;]" give notice of all meetings and special meetings; "have custody of the corporate seal and ... have authority to affix the [seal] to any instrument[;]" "keep and account for all books, documents, papers and records of the Corporation[;]" "have authority to sign stock certificates[;]" and "generally perform all the duties appertaining to the office of Secretary of a corporation." Significantly, *none* of these duties encompasses the actions giving rise to the Vergopias' causes of action against Zelnick.

criminal, administrative or investigative ... *by reason of the fact that the person is or was a director, officer, employee or agent of the corporation,* or is or was serving at the request of the corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise....
[*Del.Code Ann.* tit. 8, § 145(a) (emphasis supplied).]

In contrast, Delaware also *requires* its corporations to indemnify present and former directors and officers "[t]o the extent that [that] director or officer ... has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to in subsections (a) and (b) of this section[.]" *Del.Code Ann.* tit. 8, § 145(c). Subsection (c) also incorporates the requirement that the action be "any threatened, pending or completed action, suit or proceeding ... [brought] *by reason of the fact* that the person is or was a director[ or] officer[.]" *Del.Code Ann.* tit. 8, § 145(a) (emphasis supplied). Therefore, under either the permissive or mandatory provisions of the Delaware General Corporation Law, a director or officer becomes entitled to indemnification only if the underlying action was brought *by reason of the fact* that the litigant served as a corporate director or officer. *Green v. Westcap Corp.,* 492 A.2d 260, 264 (Del.Super.Ct.1985).

In addition to the statutory indemnification provisions, Delaware corporations may provide contractual indemnification to its directors and officers, and may "grant indemnification rights beyond those provided by the statute." *Hibbert v. Hollywood Park, Inc.,* 457 A.2d 339, 344 (Del.1983) (citing *Del.Code Ann.* tit. 8, § 145(f)). Section 145(f) provides that

[t]he indemnification and advancement of expenses provided by, or granted pursuant to, the other subsections of this section shall not be deemed exclusive of any other rights to which those seeking indemnification or advancement of expenses may be entitled under any bylaw, agreement, vote of stockholders or disinterested directors or otherwise, both as to action in such person's official capacity and as to action in another capacity while holding such office.
[*Del.Code Ann.* tit. 8, § 145(f).]

Thus, a corporation, through a contractual agreement such as its bylaws, may extend the reach of its indemnification.

In accordance with the Delaware General Corporation Law and pursuant to its certificate of incorporation and bylaws, Hometown

provides a contractual right to indemnification to its directors, officers, employees, and agents. Specifically, Hometown's certificate of incorporation provides that

> [e]ach person who was or is made a party ... in any action, suit or proceeding ... *by reason of the fact that he or she ... is or was a director or officer,* of the Corporation ..., whether the basis of such proceeding is alleged action in an official capacity as a director, officer, employee or agent or in any other capacity while serving as a director, officer, employee or agent, shall be indemnified and held harmless by the Corporation *to the fullest extent authorized by the Delaware General Corporation Law.*
>
> [ (Emphasis supplied).]

Hometown's bylaws further define those indemnification rights. Commonsensically, they reject a blanket grant of indemnity and require a nexus between the acts charged and the actor's status in respect of Hometown. Thus, the bylaws require that Hometown indemnify its directors, officers, employees, and agents,

> in accordance with and to the full extent permitted by the laws of the State of Delaware as in effect from time to time, if any such person ... is made or threatened to be made a party to any threatened, pending or completed action, suit or proceeding, ... *by reason of the fact that such person is or was, as the case may be, a director, officer, employee or agent of the Corporation ....*
>
> [ (Emphasis supplied).]

Based on these provisions, the trial court found that, in order to seek indemnification as an officer, Zelnick had to show that the Vergopia lawsuit was brought "by reason of the fact that" he served as Hometown's assistant secretary. The trial court concluded as follows:

> The gravamen of Vergopia[s'] claims ... related to the defamation related to the press release and the [Form] 8–K. No fair inference, in my opinion as the trier of fact, can be raised to suggest that Vergopia[s'] remedies against Zelnick were anything other than those which were engendered by his review of the press release, his advice to his ... client, or his client's representative, vis-a-vis the press release, and the concomitant [Form] 8–K work.
>
> *This was ordinary conventional lawyering that did not implicate, except by happenstance and coincidence, his status as assistant secretary.* In other words, for example, he didn't have to be assistant secretary in order to do that which he did and upon which the Vergopia claims against him were founded.
>
> ....
>
> *Zelnick's conduct has nothing to do with [h]is corporate office.* It was a distinct role and function that does not trigger indemnification under the statute, or under the bylaws, or under the certificate of incorporation.

[ (Emphasis supplied).]

## II.

Eschewing the trial court's reasoning and conclusions, as well as Hometown's applicable bylaw provision, the majority broadly reads Hometown's certificate of incorporation to provide indemnification to its officers even if not sued "by reason of the fact" that the person is an officer. *Ante*, at 227–28, 922 *A*.2d at 1244. According to the majority, "that Zelnick was not sued 'by reason of the fact' that he was an officer of Hometown because [the courts below] could find no direct nexus between Zelnick's corporate duties as an assistant secretary and his specific preparation of the press release and Form 8–K" runs "contrary . . . to the language and spirit of Hometown's certificate of incorporation." *Ibid.* Rather, the majority focuses on Zelnick's "robust participation in Hometown's business operations" to conclude that Hometown must indemnify Zelnick for his conduct as outside counsel. *Id.* at 227, 922 *A*.2d at 1244. I respectfully disagree.

### A.

As a threshold matter, this Court need not address the merits of Zelnick's claims. Rather, because the issues before us unequivocally and exclusively involve the construction of Delaware law, the better result is to certify this case to the Supreme Court of Delaware. Delaware's constitution vests in its Supreme Court jurisdiction "[t]o hear and determine questions of law certified to it by . . . the highest appellate court of any other state, where it appears to the Supreme Court that there are important and urgent reasons for an immediate determination of such questions by it." *Del. Const.* art. IV, § 11(8). Implementing that jurisdictional grant, the *Rules of the Supreme Court of the State of Delaware* provide that

the Highest Appellate Court of any other State may, on motion or sua sponte, certify to this Court for decision a question or questions of law arising in any case before it prior to the entry of final judgment if there is an important and urgent

reason for an immediate determination of such question or questions by this Court and the certifying court has not decided the question or questions in the case. [*Del. Sup.Ct. R.* 41(a)(ii).]

Because this case presents important issues arising exclusively under the laws of a sister state, they are best resolved by that state's highest court. *See Rales v. Blasband,* 626 A.2d 1364, 1366 (Del.1993) (accepting certification from federal district court because "[t]he question certified is one involving the corporation law of the State of Delaware[; t]he issue presented is apparently one of first impression[; and, t]hus, there appear to exist important and urgent reasons for an immediate determination by this Court of the substantive rights implicated by the question certified"). For that reason, certifying the questions of law arising in this instance to that Court affords the most prudent course for resolution. However, as the majority nonetheless addresses the merits of Zelnick's claim for indemnification, it is to that issue that I now turn.

### B.

In Delaware, "indemnification is a right conferred by contract, under statutory auspice[.]" *Stifel Fin. Corp. v. Cochran, supra,* 809 A.2d at 559. The right to indemnification under a corporation's certificate of incorporation or bylaws must be considered as a matter of contract law. *Gentile v. SinglePoint Fin., Inc.,* 788 A.2d 111, 113 (Del.2001). *See also Centaur Partners, IV v. Nat'l Intergroup, Inc.,* 582 A.2d 923, 928 (Del.1990) (noting that "[c]orporate charters and by-laws are contracts among the shareholders of a corporation and the general rules of contract interpretation are held to apply"). In addition, "it is a basic concept that the [Delaware] General Corporation Law is a part of the certificate of incorporation of every Delaware company[ ] ... [and that] a corporate charter is both a contract between the State and the corporation, and the corporation and its shareholders." *STAAR Surgical Co. v. Waggoner,* 588 A.2d 1130, 1136 (Del.1991) (internal citation omitted); *See Del.Code Ann.* tit. 8, § 394 ("This chapter

and all amendments thereof shall be a part of the charter or certificate of incorporation. . . .").

To determine whether a corporate officer is entitled to contractual indemnification from the corporation, the certificate of incorporation cannot be read in isolation; it must be read in conjunction with the bylaws. *Roven v. Cotter,* 547 A.2d 603, 608–09 (Del.Ch.1988) (considering both certificate of incorporation and bylaws to determine whether plaintiff had vested right to hold office). *See also Frantz Mfg. Co. v. EAC Indus.,* 501 A.2d 401, 407 (Del.1985) ("The power to make and amend the bylaws of a corporation has long been recognized as an inherent feature of the corporate structure. . . . The bylaws of a corporation are presumed to be valid, and the courts will construe the bylaws in a manner consistent with the law rather than strike down the bylaws." (citation omitted)).    New Jersey law similarly holds. *Reilly v. Riviera Towers Corp.,* 310 *N.J.Super.* 265, 269, 708 A.2d 728 (App.Div.) (concluding that "the relationship between a cooperative and its shareholders should be determined by its Certificate, by-laws, and proprietary lease and that *the documents must be read together* " (internal quotation marks omitted; emphasis supplied)), *certif. denied,* 156 *N.J.* 406, 719 A.2d 638 (1998); *Faunce v. Boost Co.,* 15 *N.J.Super.* 534, 538, 83 A.2d 649 (Ch.Div. 1951) (holding that "[t]he certificate of incorporation, constitution and bylaws of the corporation constitute *a contract* between the corporation and its stockholders and the stockholders *inter sese* " (emphasis supplied)).    That basic tenet of corporate law is founded squarely on the twin concepts that the certificate of incorporation "is an instrument in which the broad and general aspects of the corporate entity's existence and nature are defined," while "the by-laws are generally regarded as the proper place for the self-imposed rules and regulations deemed expedient for its convenient functioning to be laid down." *Gow v. Conso. Coppermines Corp.,* 165 A. 136, 140 (Del.Ch.1933).

Pursuant to Delaware's statutory authorization, a corporation's "bylaws may contain any provision, not inconsistent with law or

with the certificate of incorporation, relating to the business of the corporation, the conduct of its affairs, and its rights or powers or the rights or powers of its stockholders, directors, officers or employees." *Del.Code Ann.* tit. 8, § 109(b). Accordingly, a "gradation of authority" ensues: "The by-laws must succumb to the superior authority of the charter; the charter if it conflicts with the statute must give way; and the statute, if it conflicts with the constitution, is void." *Gaskill v. Gladys Belle Oil Co.,* 146 A. 337, 340 (Del.Ch.1929). Under that scaled analysis, a court must disregard the bylaws' provisions *only if* they are in direct conflict with the provisions of the certificate of incorporation. *Centaur Partners, supra,* 582 A.2d at 929. Consistent with that limitation, Delaware courts uphold bylaw provisions that are more expansive than its certificate of incorporation, provided, of course, the bylaws do not exceed the scope of the relevant statutory authority. *Burr v. Burr Corp.,* 291 A.2d 409, 410–11 (Del.Ch.1972).[2]

---

[2] According to the majority, Hometown's "bylaws must yield" to its certificate of incorporation "[t]o the extent that Hometown's bylaws seemingly diminish the scope of indemnification afforded to directors and officers[.]" *Ante,* at 227 n. 6, 922 A.2d at 1244 n. 6. However, where Delaware courts have construed a corporation's provisions in a certificate of incorporation to simply mirror statutory language, the bylaws "which are not conflicting with the statute do not conflict with the certificate [of incorporation]." *Burr v. Burr Corp.,* 291 A.2d 409, 411 (Del.Ch.1972). *Accord Heffernan v. Pac. Dunlop GNB Corp.,* 965 F.2d 369, 371–72 (7th Cir.1992) (considering bylaw indemnification provision that included language "the corporation shall indemnify its officers, directors ... to the extent permitted by the law of Delaware" to include the "by reason of the fact" requirement of § 145 of Delaware General Corporation Law). Similarly, Article X of Hometown's certificate of incorporation, although using the word "shall," restates § 145 of the Delaware General Corporation Law. *See Del.Code Ann.* tit. 8, §§ 145(a), (f). Thus, Zelnick's claim to indemnification cannot be viewed in a vacuum, and Hometown's bylaws must yield *only* if its indemnification provision is in conflict with § 145—which it is not. The majority also adopts the approach that, although in its view the "bylaws must yield" to the certificate of incorporation for the purposes of indemnifying directors and officers, "[t]he narrower bylaw language could have continued application in the case of the indemnification of employees and agents[.]" *Ante,* at 227 n. 6, 922 A.2d at 1244 n. 6. Because that approach replaces core principles of contract construction and substitutes in their stead a seemingly arbitrary selection among the provisions of a corporation's certificate of incorporation and its bylaws, I cannot join in it.

The majority rejects that analysis, disregards Hometown's by-laws, and restricts its review solely to Hometown's certificate of incorporation. *Ante,* at 226–27, 922 *A.*2d at 1244. Further, its broad reading of Hometown's indemnification provision under the certificate of incorporation contravenes the established principle that a corporation retains the ability to further define its powers and duties through its bylaws. *See Gow, supra,* 165 *A.* at 140. Yet, there can be no doubt that Hometown intended to limit the broad scope of the right to indemnification though its bylaws. By requiring a nexus between the action brought and the corporate office in order to trigger an indemnity obligation, Hometown obviously and reasonably sought to mimic the scope of the statutory indemnification rights set forth in the Delaware General Corporation Law. The failure to consider Hometown's bylaws in tandem with its certificate of incorporation—that is, the failure to view all the applicable contractual provisions together as an integrated whole—wrongly defeats Hometown's clear intent to limit indemnification only to those officers who are sued by reason of the fact that they serve as corporate officers.

The proper construction of Hometown's indemnification provisions is based on one overriding principle: while certificates of incorporation empower the corporation to indemnify its directors, officers, employees, and agents, the bylaws provide the substance of that indemnification. In this instance, Hometown's bylaws limit mandatory and permissive indemnification only to those actions brought by reason of the person's status as a corporate director, officer, employee, or agent. Therefore, reading its certificate of incorporation and the bylaws together necessitates a finding that, as a condition precedent to any claim for indemnification, Zelnick first must demonstrate that he was made a party to the Vergopias' action "by reason of the fact that" he was Hometown's assistant secretary. To satisfy that threshold requirement, Zelnick need prove that the underlying complaint—alleging trade libel and intentional infliction of emotional distress arising from his involvement with the press release and the Form 8–K—bore at least a tangential nexus to his role and duties as assistant secretary. *See*

*Heffernan v. Pac. Dunlop GNB Corp.*, 965 *F.*2d 369, 375 (7th Cir.1992) (interpreting Delaware General Corporation Law and finding that "Delaware's 'by reason of the fact that' phrase is broad enough to encompass suits against a director in his official capacity as well as suits against a director that arise more tangentially from his role, position or status as a director"). Plainly said, Zelnick cannot meet this requirement.

For that most fundamental of reasons, Zelnick is not entitled to either statutory or contractual indemnification. As found by the trial court, the Vergopias' allegations against Zelnick were wholly unrelated to Zelnick's status as Hometown's assistant secretary. Although Zelnick wore multiple hats in his involvement with Hometown—as both assistant secretary and outside counsel— Zelnick's review of the press release and Form 8–K involved *only and exclusively* his status as outside counsel. The fact that Zelnick's actions were "in furtherance of the corporation's business interests" is insufficient to meet the requirement that some nexus, even a tangential one, exist between the underlying lawsuit and Zelnick's status as Hometown's assistant secretary. *Ante,* at 228, 922 *A.*2d at 1245. Under that standard, anyone, however remote, who acts "in furtherance of the corporation's business interests" would be entitled to indemnity. No rational business can accept that unlimited liability, and no rational systems of laws can impose it.

### III.

Core principles of comity [3] instruct that the better result here is to certify the issues presented to the Supreme Court of Delaware

---

[3] As we recently explained, "[c]omity is practiced when a court of one jurisdiction voluntarily restrains itself from interfering in a matter falling within the purview of a court of another jurisdiction[,]" a concept "grounded in notions of accommodation and good-neighborliness [that] is a necessary expedient to preserve the delicate balance of power and harmonious relations among the various sovereigns of our federalist system[,]" *Thompson v. City of Atlantic City*, 190 *N.J.* 359, 382, 921 *A.*2d 427 (2007) (citations omitted).

for it to determine the proper application of its state's law, a procedure readily available pursuant to Delaware's constitution and its court rules. Even if we were to forego exercising that courtesy to our sister state and, instead, interpret Delaware law ourselves, I cannot join in the broad interpretation of Hometown's indemnification provision in the certificate of incorporation and the disregard for Hometown's right to define in its bylaws—"the self-imposed rules and regulations deemed expedient for its convenient functioning[,]" *Gow, supra*, 165 *A.* at 140—that undergird the majority's rationale. Because Hometown's certificate of incorporation grants it the power to indemnify its directors and officers, and because Hometown's bylaws further define the scope of indemnification so as to mirror the Delaware General Corporation Law, there is no basis, either statutory, contractual, or as a matter of common knowledge, to require that Hometown indemnify its outside counsel for a lawsuit brought based on actions that amounted to nothing more than "ordinary conventional lawyering."

I respectfully dissent.

*For affirmance as modified*—Chief Justice ZAZZALI and Justices LONG, LaVECCHIA, ALBIN, WALLACE and HOENS—6.

*For reversal*—Justice RIVERA–SOTO—1.